IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 30, 2011

## GROVER D. COWART v. DAVID SEXTON, WARDEN

**Appeal from the Circuit Court for Johnson County**
**No. X3345      Jean Stanley, Judge**

**No. E2011-00774-CCA-R3-HC - Filed September 6, 2011**

The *pro se* petitioner, Grover D. Cowart, appeals the Johnson County Circuit Court's summary dismissal of his petition for writ of habeas corpus.  Following our review, we affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Grover D. Cowart, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Rachel West Harmon, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

On April 4, 1995, the petitioner was convicted by a Knox County Criminal Court jury in case number 49900 of especially aggravated robbery and attempted first degree murder, both Class A felonies.  He was subsequently sentenced by the trial court to twenty-five years for the especially aggravated robbery conviction and to twenty years for the attempted first degree murder conviction, with the sentence for his attempted first degree murder conviction ordered to be served consecutively to the sentence for his especially aggravated robbery conviction.  On direct appeal, this court affirmed the conviction for especially aggravated robbery but reversed the conviction for attempted first degree murder, remanding for a new trial on that charge, based on the fact that the trial court did not instruct the jury on the lesser-included offense of attempted second degree murder.  State v. Grover Donnell Cowart, No.

03C01-9512-CR-00402, 1999 WL 5174, at *1 (Tenn. Crim. App. Jan. 8, 1999), perm. to appeal denied (Tenn. June 28, 1999). We also remanded for the trial court to make adequate findings in support of its imposition of consecutive sentences should the petitioner be again convicted of the attempted murder charge. Id. at *30. The petitioner, however, was never retried on the attempted first degree murder charge because the State nolle prosequied that count of the indictment following our court's direct appeal opinion.

On August 1, 1995, while case number 49900 was pending on direct appeal, the petitioner pled guilty in the Knox County Criminal Court in case number 50934 to two counts of aggravated robbery, a Class B felony, and one count of burglary of a vehicle, a Class E felony. He received the following sentences for those convictions: twelve years for the first count of the indictment that charged him with aggravated robbery, with the sentence to be served consecutively to "case no. 49900 previously imposed by Knox County Criminal Court"; eleven years for the second count of the indictment charging him with aggravated robbery, with the sentence to be served consecutively to the sentence for the first count of the indictment; and two years for burglary of a vehicle, to be served consecutively to the second count of the indictment.

On July 27, 2010, the petitioner filed a petition for writ of habeas corpus in which he asserted that our court's remand of case number 49900 for a new trial for the attempted first degree murder count and for findings in support of consecutive sentencing meant that both counts of the indictment were "pending final disposition" at the time he was sentenced in case number 50934. According to the petitioner's reasoning, this had the effect of "rearranging the order of the sentencing courts," thereby depriving the court in case number 50934 of "authority to require the petitioner to serve the [effective] twenty-five-year sentence in [that case] consecutively with the twenty-five-year sentence in Case No. 49900." On March 14, 2011, the habeas court summarily dismissed the petition on the basis that the petitioner's allegations did not entitle him to habeas corpus relief. This appeal followed.

## ANALYSIS

Whether the petitioner is entitled to habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007); Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is *de novo* with no presumption of correctness given to the trial court's findings and conclusions. Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005).

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007);

State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers, 212 S.W.3d at 256 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when "a habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d at 755).

We conclude that the habeas court's summary dismissal of the petition was proper. The petitioner's argument, as we understand it, is that the sentencing court in case number 50934 could not lawfully order his twelve-year sentence for aggravated robbery to be served consecutively to his twenty-five-year sentence for especially aggravated robbery in case number 49900 because that case had been remanded by this court for findings in support of consecutive sentencing and, thus, was "pending final disposition under the remand order." The petitioner's reasoning is flawed. As the State points out, our order on remand did not affect the petitioner's especially aggravated robbery conviction or the twenty-five-year sentence he received for that conviction, but instead merely required the court to make adequate findings in support of consecutive sentencing in the event the petitioner was re-convicted on the second count of the indictment. Since the State nolle prosequied that count, such findings were no longer necessary. There is, therefore, nothing unlawful in the trial court's ordering that the petitioner serve his sentence for aggravated robbery in case number 50934 consecutively to the twenty-five-year sentence that remained in case number 49900.

## CONCLUSION

We conclude that the petitioner's allegations do not entitle him to habeas corpus relief. Accordingly, we affirm the summary dismissal of his petition for writ of habeas corpus.

_____
ALAN E. GLENN, JUDGE