IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 6, 2011

## ALBERT FRANK KELLY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 01-11190    James C. Beasley, Jr., Judge**

**No. W2011-01216-CCA-R3-HC  - Filed March 15, 2012**

The petitioner, Albert Frank Kelly, appeals the Shelby County Criminal Court's dismissal of his petition for writ of habeas corpus. Following our review, we affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and JEFFREY S. BIVINS, JJ., joined.

Albert Frank Kelly, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Reginald Henderson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

In 2001, the petitioner pled guilty in the Shelby County Criminal Court to rape, a Class B felony, for having raped his fifteen-year-old niece, who later gave birth to his child. Albert Frank Kelly v. State, No. W2004-01580-CCA-R3-PC, 2005 WL 525266, at *1 (Tenn. Crim. App. Mar. 4, 2005), perm. to appeal denied (Tenn. June 27, 2005). Following a sentencing hearing, the trial court applied several enhancement factors to sentence the petitioner as a Range II offender to twenty years in the Department of Correction.

The petitioner subsequently filed a petition for post-conviction relief, which was denied. See id. He then filed a motion to reopen his post-conviction petition on the basis

that Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny announced a new constitutional rule of law. Albert F. Kelly v. State, No. W2008-02236-CCA-R3-PC, 2009 WL 1643436, at *1 (Tenn. Crim. App. June 12, 2009). The post-conviction court summarily denied the petition, and we dismissed the appeal on the basis that the petitioner failed to comply with the statutory requirements for appealing the denial of a motion to reopen. Id. at *2-3. We further observed, however, that even had we been vested with jurisdiction, we would have agreed that the petitioner failed to state a valid claim for reopening his petition for post-conviction relief because it has been repeatedly held that "the line of cases relied upon by the petitioner are not to be applied retroactively on collateral appeal." Id. at *3 (citations omitted).

On April 28, 2011, the petitioner filed a petition for writ of habeas corpus, alleging that his sentence was illegal and void because the trial court applied enhancement factors in sentencing that violated his Sixth Amendment right to trial by jury, as announced by Apprendi and its progeny. On May 13, 2011, the habeas court entered an order summarily dismissing the petition on the basis that it failed to state a valid claim for habeas corpus relief. This appeal followed.

## ANALYSIS

Whether the petitioner is entitled to habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007); Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is *de novo* with no presumption of correctness given to the trial court's findings and conclusions. Id.

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers, 212 S.W.3d at 256 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when "a habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)).

A claim of an erroneously enhanced sentence based upon the holdings of Apprendi and its progeny would render the judgment voidable if proven, not void, and, therefore, is not

cognizable in a petition for writ of habeas corpus. <u>See</u> <u>Timothy R. Bowles v. State</u>, No. M2006-01685-CCA-R3-HC, 2007 WL 1266594, at *2-3 (Tenn. Crim. App. May 1, 2007). Accordingly, we affirm the habeas court's summary dismissal of the petition.

## **CONCLUSION**

We conclude that the petitioner's allegations do not entitle him to habeas corpus relief and, therefore, affirm the summary dismissal of his petition for writ of habeas corpus.

_____
ALAN E. GLENN, JUDGE