IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 16, 2012

## DELIVETRICK DEWON BLOCKER v. DAVID OSBORNE, WARDEN

**Appeal from the Criminal Court for Morgan County**
**No. 2011-CR-96      E. Eugene Eblen, Judge**

**No. E2011-02723-CCA-R3-HC - Filed June 29, 2012**

The petitioner, Delivetrick Dewon Blocker, appeals the Morgan County Criminal Court's summary dismissal of his petition for writ of habeas corpus. Because the petitioner has failed to state a cognizable claim for habeas corpus relief, we affirm the summary dismissal of the petition pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Delivetrick Dewon Blocker, Wartburg, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and John H. Bledsoe, Senior Counsel, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The petitioner was convicted in the Hamilton County Criminal Court of felony murder in the perpetration of or attempt to perpetrate especially aggravated robbery and of especially aggravated robbery. On direct appeal, this court affirmed the felony murder conviction but modified the especially aggravated robbery conviction to attempted especially aggravated robbery after concluding that there was insufficient evidence to establish a completed robbery. State v. Delivetrick D. Blocker, No. 03C01-9803-CR-00120, 1999 WL 124223 (Tenn. Crim. App. Mar. 10, 1999), perm. to appeal denied (Tenn. Oct. 4, 1999).

The petitioner then filed a petition for post-conviction relief, which was denied. This court affirmed the judgment of the post-conviction court, and our supreme court denied the

petitioner's application for permission to appeal. See Delivetrick Dewon Blocker v. State, No. E2002-00036-CCA-R3-PC, 2003 WL 934245 (Tenn. Crim. App. Mar. 10, 2003), perm. to appeal denied (Tenn. June 30, 2003). Thereafter, the petitioner filed his first state petition for writ of habeas corpus in which he alleged, among other things, that the indictment charging him with especially aggravated robbery was fatally defective because it varied from his judgment convicting him of attempted especially aggravated robbery. The habeas court dismissed the petition, and this court affirmed the dismissal, noting that "Rule 31 of the Tennessee Rules of Criminal Procedure provides that a defendant may be convicted of an attempt to commit the offense charged in his indictment." Delivetrick D. Blocker v. Jim Worthington, Warden, No. E2008-00881-CCA-R3-HC, at *4 (Tenn. Crim. App. Feb. 9, 2009).

On November 4, 2011, the petitioner filed the instant petition for writ of habeas corpus alleging that his judgments were void because he was convicted of attempted especially aggravated robbery, which was neither charged in the indictment nor included in the instructions to the jury. On December 12, 2011, the habeas court entered an order summarily dismissing the petition. The petitioner then filed a timely notice of appeal to this court.

We conclude that the habeas corpus court's summary dismissal of the petition was proper. It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)).

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when "a habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)). Because the petitioner has not shown that his judgments are void or his confinement illegal, we affirm the summary dismissal of the petition for writ of habeas corpus.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment

or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. <u>See</u> Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, the judgment of the habeas court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.


_____
ALAN E. GLENN, JUDGE