IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 22, 2012

## GEORGE L. MORGAN v. DAVID SEXTON, WARDEN, and STATE OF TENNESSEE

**Appeal from the Criminal Court for Johnson County**
**No. 5973     Lynn Brown, Judge**

_____

**No. E2012-00146-CCA-R3-HC - Filed October 17, 2012**

_____

The petitioner, George L. Morgan, appeals the Johnson County Criminal Court's summary dismissal of his petition for writ of habeas corpus, arguing that the court should have held an evidentiary hearing to consider his claim that his dual convictions and consecutive sentences for second degree murder and attempted aggravated robbery are illegal and void because they violate double jeopardy principles. Because the petitioner has failed to state a cognizable claim for habeas corpus relief, we affirm the summary dismissal of the petition pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JEFFREY S. BIVINS, J., joined.

George L. Morgan, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Lacy Wilber, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

In April 1995, the petitioner was convicted by a Hamilton County jury of second degree murder, aggravated robbery, and attempted aggravated robbery. He was sentenced by the trial court to twenty years for the second degree murder conviction, ten years for the aggravated robbery conviction, and five years for the attempted aggravated robbery conviction, with the murder and attempted aggravated robbery sentences to be served consecutively, for a total effective sentence of twenty-five years in the Department of

Correction. His convictions and sentences were affirmed by this court on direct appeal. State v. George Lebron Morgan, No. 03C01-9511-CR-00359, 1996 WL 715423, at *1 (Tenn. Crim. App. Dec. 12, 1996).

On November 8, 2011, the petitioner filed a petition for writ of habeas corpus in which he alleged that his dual convictions and consecutive sentences for second degree murder and attempted aggravated robbery were illegal and void because they arose out of the same act and therefore violated principles of double jeopardy. On December 28, 2011, the habeas corpus court entered an order summarily dismissing the petition on the grounds that it failed to state a cognizable claim for habeas corpus relief. Thereafter, the petitioner filed a timely notice of appeal to this court.

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S .W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)).

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when " habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)). Whether the petitioner is entitled to habeas corpus relief is a question of law. Id. at 255; Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is *de novo* with no presumption of correctness given to the trial court's findings and conclusions. Id.

We conclude that the habeas court's summary dismissal of the petition was proper. As the State points out, a claim of a violation of double jeopardy, even if true, would render a conviction merely voidable and, thus, is not a cognizable claim for habeas corpus relief. See Ricky Lynn Hill v. Tony Parker, Warden, No. W2010-01423-CCA-R3-HC, 2011 WL 287343, at *4 (Tenn. Crim. App. Jan. 24, 2011) (citations omitted).

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment

or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge.  <u>See</u> Tenn. Ct. Crim. App. R. 20.  We conclude that this case satisfies the criteria of Rule 20.  Accordingly, the judgment of the habeas court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.


_____
ALAN E. GLENN, JUDGE