# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs August 21, 2013

## DAVID LAWRENCE HOLT v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Sullivan County**
**No. C61,815     Robert H. Montgomery, Jr., Judge**

---

**No. E2013-00641-CCA-R3-HC - Filed September 18, 2013**

---

The *pro se* petitioner, David Lawrence Holt, appeals the Sullivan County Criminal Court's summary dismissal of his petition for writ of habeas corpus. Following our review, we affirm the dismissal on the grounds that the petitioner failed to state a cognizable claim for habeas corpus relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and ROGER A. PAGE, J., joined.

David Lawrence Holt, Manchester, Kentucky, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

On May 29, 1979, the petitioner pled guilty in the Sullivan County Criminal Court in Case Nos. 12-950-B, 13-009-B, and 13-010-B to Burglary III, Burglary I, and Attempted Burglary I. The trial court subsequently sentenced him to a term of not less than six nor more than eight years for the Burglary III conviction, five years for the Burglary I conviction, and one to five years for the Attempted Burglary I conviction, with the sentences ordered to be served concurrently.

On December 26, 2012, the petitioner filed a petition for writ of habeas corpus in which he alleged that because the federal sentence he was currently serving had been "greatly

enhanced" based on the above Tennessee convictions, he was currently serving a term of imprisonment as a "direct result" of those three Tennessee convictions. The petitioner further alleged that he was "illegally convicted" of the three Tennessee burglary offenses because his guilty pleas were unknowing and involuntary due to his actual innocence of two of those offenses and his counsel's failure to adequately explain the future consequences of his pleading guilty to all three offenses.

On January 10, 2013, the habeas court summarily dismissed the petition on the basis that the petition failed to state a cognizable claim for habeas corpus relief and the time limit for a petition for post-conviction relief had long since expired. Thereafter, the petitioner filed a timely notice of appeal to this court.

## ANALYSIS

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)).

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when a "habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)). Whether the petitioner is entitled to habeas corpus relief is a question of law. Id. at 255; Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is *de novo* with no presumption of correctness given to the habeas court's findings and conclusions. Id.

We conclude that the habeas court's summary dismissal of the petition was proper. As the State points out in its brief, the petitioner has long since served his sentences for his 1979 Tennessee burglary convictions, and "[h]abeas corpus relief does not lie to address a conviction after the sentence on the conviction has been fully served." Summers, 212 S.W.3d at 257. Furthermore, the petitioner's allegations that his guilty pleas on those Tennessee convictions were unknowing and involuntary would, even if true, result in voidable, rather than void, convictions. Accordingly, we affirm the judgment of the habeas court summarily dismissing the petition for writ of habeas corpus.

## CONCLUSION

Because the petitioner failed to state a cognizable claim for habeas corpus relief, we affirm the summary dismissal of the petition for writ of habeas corpus.

_____
ALAN E. GLENN, JUDGE