IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 14, 2015

**DOUGLAS M. MATHIS v. WAYNE CARPENTER, WARDEN**

**Appeal from the Circuit Court for Davidson County**
**No. 14C2407     Amanda McClendon, Judge**

—————————————

**No. M2014-01552-CCA-R3-HC – Filed July 16, 2015**

—————————————

The petitioner, Douglas M. Mathis, appeals the summary dismissal of his second petition for writ of habeas corpus. In it, he repeats the claim of his first such petition, that the trial court was without jurisdiction to conduct his trial. Because the petitioner has failed to state a cognizable claim for habeas corpus relief, we affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and NORMA MCGEE OGLE, JJ., joined.

Douglas M. Mathis, Nashville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and Brent C. Cherry, Senior Counsel, for the Appellee, State of Tennessee.

**OPINION**

**FACTS**

As set out in State v. Douglas Marshall Mathis, No. M2002-02291-CCA-R3-CD, 2004 WL 392710, at *1 (Tenn. Crim. App. Mar. 3, 2004), perm. app. denied (Tenn. Oct. 11, 2004), the petitioner was indicted for first degree murder and second degree murder for the shooting death of the victim, Selwyn Ward. He pled guilty in 2000 to second degree murder, which resulted in a fifteen-year sentence. He subsequently filed a successful petition for post-conviction relief and was allowed to withdraw his guilty plea. At his 2002 trial, he was convicted of first degree murder and sentenced to life

imprisonment. After his unsuccessful direct appeal, he filed a petition for post-conviction relief, claiming a fatal procedural defect in the procedure of withdrawal of his guilty plea to second degree murder and subsequent conviction for first degree murder:

> Petitioner argues that the first degree murder indictment used for his trial was not valid. Petitioner argues that the trial court discharged him with regard to the first degree murder indictment in a nolle prosequi order entered pursuant to his prior guilty plea to second degree murder. Petitioner argues that for this reason he was prosecuted without an indictment. The State argues alternatively, that Petitioner has waived this issue for failing to raise it previously and that the indictment was valid because he sought the withdrawal of his guilty plea.[1]

Douglas Marshall Mathis v. State, No. M2006-02525-CCA-R3-PC, 2008 WL 1850800, at *7 (Tenn. Crim. App. Apr. 25, 2008), perm. app. denied (Tenn. Oct. 27, 2008).

As to this issue, the court found that the claim was waived because it had not been presented prior to the trial, at the motion for new trial, or in the direct appeal of the conviction. Id. at *8. Considering then the merits of the claim, the court determined that the trial court had "acted properly in reinstating the indictment for first degree murder." Id.

The petitioner next presented a jurisdictional claim in his first petition for writ of habeas corpus. Douglas Marshall Mathis v. State, No. M2010-00730-CCA-R3-HC, 2011 WL 300143, at *1 (Tenn. Crim. App. Jan. 19, 2011), perm. app. denied (Tenn. May 26, 2011). In that petition, he argued that his conviction and sentence were illegal because the post-conviction court, in allowing withdrawal of his guilty plea and ordering a trial on the first degree murder indictment, had "failed to make the proper finding 'that a constitutional violation occurred during the plea proceedings.'" Id.

Once again, the petitioner was unsuccessful in the complaint regarding his conviction for first degree murder, this court concluding that the petition properly had been dismissed without a hearing, because as a procedural matter, he had failed to attach to it either the judgment of conviction for first degree murder or the records of proceedings which had resulted in his earlier guilty plea having been set aside. Id. at *3. The court observed that the petitioner's best path would have been to appeal the 2001 order allowing the withdrawal of the petitioner's guilty plea to second degree murder and reinstating the indictment for first degree murder:

---

[1] In his direct appeal, the petitioner did not present as an issue his claim that the trial court erred in reinstating the first degree murder indictment after allowing him to withdraw his plea of guilty to second degree murder.

2

We agree with the habeas corpus court that the Petitioner's best, and possibly only, avenue of relief would have been to appeal the 2001 judgment of the post-conviction court, not to wait almost nine years until the new trial he admittedly actively sought produced an unfavorable outcome which he twice appealed unsuccessfully.

Id. at *3.

In the appeal of this, his second petition for writ of habeas corpus, the petitioner argues that the court was without jurisdiction to grant his first petition for post-conviction relief, allow him to withdraw his guilty plea to second degree murder, but then order that he be tried on the original indictment for first degree murder. Further, in his view, the habeas corpus court in this matter erred in dismissing his second petition without first appointing counsel and conducting a hearing.

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)).

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when a "habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)). Whether the petitioner is entitled to habeas corpus relief is a question of law. Id. at 255; Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is de novo with no presumption of correctness given to the habeas court's findings and conclusions. Id.

In his second petition for writ of habeas corpus, the petitioner simply repackaged the claims of his first such petition, as well as his earlier petition for post-conviction relief. In both of those proceedings, the claims were dismissed without an evidentiary hearing, a panel of this court affirmed the dismissals, and our supreme court denied his application for permission to appeal. Once again, we conclude that these same complaints, now raised for the third time, are not cognizable in a habeas corpus

3

proceeding and that they entitled the petitioner neither to appointment of counsel nor to an evidentiary hearing.

## **CONCLUSION**

Based upon the foregoing authorities and reasoning, the judgment of the trial court is affirmed.

_____

ALAN E. GLENN, JUDGE