# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### STATE OF TENNESSEE v. MARVIN HUGGHIS

**Direct Appeal from the Criminal Court for Shelby County**
**No. 94-02837-47    Chris Craft, Judge**

---

**No. W2006-01149-CCA-R3-CO  - Filed April 3, 2007**

---

The Petitioner, Marvin Hugghis, appeals the lower court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner has failed to allege any ground that would render the judgment of conviction void.  Accordingly, we affirm the trial court's dismissal.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Marvin Hugghis, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Elizabeth Bingham Marney, Assistant Attorney General; William L. Gibbons, District Attorney General; and Michele Parks, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On October 5, 1994, the Petitioner Marvin Hugghis entered guilty pleas to five counts of aggravated burglary, one count of attempt to commit first degree murder, four counts of aggravated rape and one count of aggravated sexual battery.  For these convictions, the Petitioner received an effective sentence of thirty-four years confinement in the Tennessee Department of Correction.

1

On April 6, 2006, the Petitioner filed, pro se, a motion to dismiss for lack of subject matter jurisdiction the eleven guilty plea convictions. In his lengthy and verbose pleading, the Petitioner challenged the statutes under which he remains convicted. Specifically, he challenges the validity of the statutes, asserting that they fail to contain an enacting clause as required by the Tennessee Constitution. The Petitioner summarized his argument as follows:

> The Defendant[] is not asking for the charges to be dismissed since legally there are no charges, he's asking that the cause of action be dismissed.

> The Governemnt [sic] may try to say that, "That laws in questions were lawfully passed by legislature pursuant to the Constitution." Technically this can be said since laws like the ones in the revised statutes (or U.S. Code) were passed by the legislature, but this [is] not the issue.

> The Issue is not whether the laws charges against Defendant[] or laws like them were passed by the legislature (or Congress), but rather that they don't exist in their current state as valid laws. That is, they fail to follow the valid form and style of a law due to the manner in which they are published or promulgated.

> The Court can't say that the authority for the law is legislature, where is the legislature enacting authority for the law?

By order entered May 8, 2006, the lower court dismissed the motion, treating the same as one for habeas corpus relief. In denying relief, the lower court stated:

> . . . the original Tennessee Public Acts enacting the laws under which the defendant was convicted were all properly signed by the Speakers of the House and Senate of Tennessee, and signed by the governor of Tennessee. They were then within a year codified into the Tennessee Code with proper authentication. When this court heard defendant's pleas, it had jurisdiction over the defendant by indictments served on him, signed by H.W. Robinson, the foreperson of the Shelby County Grand Jury at that time, each indictment stating the section of the Tennessee Code upon which the defendant was charged. This court had proper jurisdiction over the defendant's person, and the laws under which the defendant was prosecuted were validly enacted.

The Petitioner timely filed a notice of appeal document.

The determination of whether to grant habeas corpus relief is a question of law. *McLaney v. Bell,* 59 S.W.3d 90, 92 (Tenn. 2001), *overruled in part by Charles G. Summers v. State,* --- S.W.3d ----, No. M2004-02806-SC-R11-HC (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. *See* Tenn. Const. art. I, § 15. The remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. *State v. Ritchie,* 20 S.W.3d 624, 629 (Tenn. 2000); *State v. Davenport,* 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment." *Dykes v. Compton,* 978 S.W.2d 528, 529 (Tenn. 1998); *see also Taylor v. State,* 995 S.W.2d 78, 83 (Tenn. 1999).

The judgment of a court of general jurisdiction is conclusive and presumed to be valid, and such a judgment can only be impeached if the record affirmatively shows that the rendering court was without personal or subject matter jurisdiction. *Archer v. State,* 851 S .W.2d 157, 162 (Tenn. 1993). Thus, habeas corpus relief is available only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment ... has expired." *Archer,* 851 S.W.2d at 164 (citation omitted). Whether relief should be granted is a question of law which this court reviews *de novo. Hart v. State,* 21 S.W.3d 901, 903 (Tenn. 2000). Moreover, the petitioner has the burden of establishing by a preponderance of the evidence that a judgment is void. *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Finally, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The Petitioner essentially argues that the statutes under which he was convicted were unconstitutionally enacted. Thus, if the statutes were unconstitutional, the statutes would be void from the date of enactment. *See Capri Adult Cinema v. State,* 537 S.W.2d 896, 900 (Tenn. 1976). Thus, the trial court would have lacked the subject matter jurisdiction to hear the Petitioner's cases rendering his judgments of conviction void.

Our review of the validity of an act is accompanied by every reasonable presumption favoring the regularity of the passage of the act, and the act will be upheld unless the journals affirmatively show the absence of some constitutional requirement. *Fuqua v. Davidson County,* 189 Tenn. 645, 227 S.W.2d 12 (1949). It is clear from *Fuqua* and other opinions on this same issue, *see, e.g., State v. Dixie Finance Co.,* 152 Tenn. 306, 278 S.W. 59 (1925); *State ex rel. v. Algood,* 87 Tenn. 163, 10 S.W. 310 (1889); *Nelson v. Haywood County,* 91 Tenn. 596, 602, 20 S.W. 1 (1892), that the courts of this state will look no further than the House and Senate journals in reviewing the enactment. *See Ashe v. Leech,* 653 S.W.2d 398, 401 (Tenn.1983). Section 18, article II of the Tennessee Constitution provides:

> Every bill shall be read once on three different days, and be passed each time in the House where it originated before transmission to the other. No bill shall become a law until it shall have been read and passed, on three different days in each House, and shall have received on its final passage in each House the assent of a majority of all the members to which that House shall be entitled under this Constitution; and shall have been signed by the respective Speakers in open session-the fact of such signing to be noted on the Journal; and shall have received the approval of the Governor, or shall have been otherwise passed under the provisions of this Constitution.

This Court has verified that the original Tennessee Public Acts enacting the laws under which the Petitioner was convicted were all properly signed by the Speakers of the House and Senate of Tennessee and signed by the Governor of Tennessee. Within a year, the Public Acts were codified into the Tennessee Code with proper authentication. Accordingly, the statutes challenged by the Petitioner were constitutionally enacted and the convicting court had subject matter jurisdiction to hear the Petitioner's cases.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20 . Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

DAVID G. HAYES, JUDGE

4