IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 6, 2007

## CALVIN WILHITE v. GLEN TURNER, WARDEN

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 06-02-0155     Joseph H. Walker, III, Judge**

—————————

**No. W2006-01331-CCA-R3-HC  - Filed May 3, 2007**

—————————

The petitioner, Calvin Wilhite, appeals from the order of the Circuit Court for Hardeman County denying his pro se petition for habeas corpus relief from an effective sentence of twenty years he received for robberies with a deadly weapon. He contends that the trial court erred in summarily dismissing his petition and that the sentence has expired. After careful review, we conclude that the record supports the judgment from the trial court; therefore, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and D. KELLY THOMAS, JR., J., joined.

Calvin Wilhite, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia Lee, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and James Pentecost, Jackson, Tennessee, for the appellee, State of Tennessee.

## OPINION

The petitioner pled guilty or was convicted of multiple crimes over a period of years to earn the underlying effective sentence of confinement. On October 3, 1983, he pled guilty to five counts of robbery with a deadly weapon and two counts of robbery in Shelby County. He was sentenced to twenty years on each of the first four counts of robbery with a deadly weapon, ten years on the fifth count of robbery with a deadly weapon, and five years on each count of robbery, to be served concurrently for a total effective sentence of twenty years. He was released on parole in 1988. While on probation in 1989, he was charged with unlawful possession of a controlled substance and two counts of possession without prescription. He was convicted in federal court of one count of conspiring to possess with intent to distribute cocaine and one count of possession with an intent to distribute. He was sentenced to 210 months in the federal penitentiary. In 1990, he pled guilty to second degree murder, stemming from a 1989 killing, and was sentenced to fifteen years. The

second degree murder sentence was to be served in the federal penitentiary concurrently with the sentence in the federal case. The federal authorities took custody of the petitioner on August 10, 1990. He was released to Tennessee custody on October 14, 2005, after the completion of his federal sentence.

He filed a petition for writ of habeas corpus on May 18, 2006. The trial court denied his petition for relief on May 22, 2006. On June 22, 2006, he filed a notice of appeal.

On appeal, the petitioner contends that the trial court erred in summarily dismissing his petition for habeas corpus relief. The State argues that the record and the law fully support the trial court's judgment. We agree.

Article I, Section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 et seq. codify the applicable procedures for seeking a writ. While there is no statutory time limit in which to file for habeas corpus relief, Tennessee law provides very narrow grounds upon which such relief may be granted. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A habeas petition may only be used to contest void judgments which are facially invalid because: (1) the convicting court was without jurisdiction or authority to sentence a petitioner; or (2) the petitioner's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

The burden is on the petitioner to establish, by a preponderance of the evidence, that a judgment is void or that a term of imprisonment has expired. See State v. Davenport, 980 S.W.2d 407, 409 (Tenn. 1998). The petition may be summarily dismissed by the trial court without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); T.C.A. § 29-21-109. Whether habeas corpus relief should be granted is a question of law; therefore, review is de novo with no presumption of correctness. See Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000).

Here, the petitioner claims that the trial court erred in summarily dismissing his petition without appointing counsel. However, a petition for a writ of habeas corpus may be summarily dismissed by the court without the appointment of counsel, without an evidentiary hearing, and without the opportunity to amend the petition if the face of the petition does not present a cognizable claim. See T.C.A. § 29-21-109; see also Coury v. Westbrooks, No. M2003-01800-CCA-R3-PC, 2004 Tenn. Crim. App. LEXIS 930, at **10-11, (Tenn. Crim. App. Oct. 19, 2004, at Nashville), perm. app. denied (Tenn. Feb. 28, 2005). The State argues that the petitioner failed to present a cognizable claim in his petition and that the issue is, therefore, without merit. We agree. The petitioner simply argues that he should have been given credit toward his 1983 state convictions for robbery during the time that he was in confinement for the federal drug convictions and the state murder conviction. This is simply not the case. Nothing on the face of the petition shows that the service of confinement for the robbery convictions was satisfied nor does it show that the convictions were void. This issue is without merit.

Next, the petitioner argues that the State relinquished jurisdiction over him when he was released into federal custody for service of his sentence stemming from his federal drug convictions. He contends that this caused his sentence for armed robbery and simple robbery to expire. The State argues that this claim lacks merit, and we agree. A lawfully imposed sentence can only expire by service of the sentence either in custody, on probation, or through a combination of custody and probation. Sentences for all felonies and misdemeanors are determinate in nature, and the petitioner is responsible for the entire sentence, undiminished by sentence credits of any sort except for credits authorized by Tennessee Code Annotated section 40-23-101 relative to pretrial jail credit, or by sections 33-5-406 and 33-7-102 relative to mental examinations and treatment, and prisoner sentence reduction credits authorized by section 41-21-236. See T.C.A. § 40-32-211.

The petitioner was released on parole for his robbery convictions on April 11, 1988. While on parole, he committed and was convicted of the aforementioned crimes. The state trial court sentenced him to fifteen years for his second degree murder conviction and ordered that it be served concurrently with his federal sentence while in federal custody. The petitioner correctly argues that his sentences for the federal drug conviction and the second degree murder conviction have expired but that his original sentence for robbery has not expired. His sentence was reinstated as a result of his parole violations, and he was not serving the twenty-year sentence while incarcerated in the federal facility. He did not begin serving the balance of his twenty-year sentence until he was released into state custody in October 2005.

Finally, the petitioner argues that his sentence for second degree murder has expired. The State agrees with the petitioner and acknowledges that the second degree murder sentence has expired. However, we conclude that the petitioner is not currently in custody for that sentence. He is serving the balance of the sentence for his robbery convictions, which was reinstated for violating the terms of his parole.

Conclusion

Based on the foregoing and the record as a whole, we conclude that the trial court properly dismissed the petition for writ of habeas corpus, and we affirm the judgment from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE