# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### OCTOBER SESSION, 1997

FILED

April 2, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9704-CR-00159 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | CUMBERLAND COUNTY |
| VS. | ) | |
| | ) | HON. LEON C. BURNS, JR. |
| MICHAEL DAVENPORT, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Writ of Habeas Corpus) |

FOR THE APPELLEE:

JAMES P. SMITH, JR.
300 Thurman Avenue
Crossville, TN 38555

FOR THE APPELLANT:

JOHN KNOX WALKUP
Attorney General and Reporter

TIMOTHY F. BEHAN
Assistant Attorney General
425 Fifth Avenue, North
Nashville, TN 37243-0493

BILL GIBSON
District Attorney General

BEN FANN
Assistant District Attorney
145 South Jefferson Street
Cookeville, TN 38501

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

Appellee Michael Davenport was indicted on June 13, 1992 for attempted first degree murder, aggravated assault, and two counts of reckless endangerment. The prosecution, on its own motion, asked that the aggravated assault charge be dismissed, and the trial court did so on November 19, 1992. On November 20, 1992, Appellee was convicted by a jury in the Cumberland County Criminal Court of aggravated assault. As a Range I standard offender, Appellee was sentenced to five years confinement with the Tennessee Department of Correction. This Court affirmed Appellee's conviction. State v. Michael Davenport, C.C.A. No. 03C01-9310-CR-00342, Cumberland County (Tenn. Crim. App., Knoxville, December 21, 1994). On January 28, 1997, Appellee filed a petition for writ of habeas corpus and/or post-conviction relief, relying upon the Tennessee Supreme Court's decision in State v. Trusty, 919 S.W.2d 305 (Tenn. 1996). After hearing the arguments of counsel, the trial court granted Appellee's petition for writ of habeas corpus in light of the Trusty decision. The State presents the following issue for our consideration on this appeal: whether the trial court erred in granting Appellee's petition for writ of habeas corpus.

After a review of the record, we affirm the judgment of the trial court.

## I. FACTUAL BACKGROUND

At the culmination of Appellee's trial, the court instructed the jury on the elements of attempted first degree murder. Additionally, the trial court charged the jury on aggravated assault as being a lesser included offense of attempted

first degree murder. Appellee neither requested nor objected to the jury instruction on aggravated assault.

## II. PETITION FOR WRIT OF HABEAS CORPUS

Tenn. Code Ann. § 29-21-101 provides, "Any person imprisoned or restrained of his liberty, under any pretense whatsoever, except in cases [where the federal courts exercise exclusive jurisdiction], may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." Id. Tenn. Code Ann. § 29-21-109 provides, "If, from the showing of the petitioner, the plaintiff would not be entitled to any relief, the writ may be refused, the reasons for such refusal being briefly endorsed upon the petition, or appended thereto." Id.

In Tennessee, it is well-settled law that the remedy of habeas corpus is limited both in scope and in relief. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). In criminal cases, habeas corpus is available only where the judgment is void or the term of imprisonment has expired. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). The habeas petitioner bears the burden of demonstrating by a preponderance of the evidence that the judgment of conviction is void or that his term of confinement has expired. Id. If the petitioner establishes by a preponderance of the evidence either that his conviction is void or that his term of confinement has expired, he can obtain immediate release. Warren v. State, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986). "A judgment of a court of general jurisdiction is presumed to be valid." Passarella, 891 S.W.2d 619, 627 (citing Archer, 851 S.W.2d 157, 162). This presumption is conclusive unless the judgment is impeached by the record. Id.

The State appeals from the trial court's decision to grant Appellee's petition for writ of habeas corpus in view of the Supreme Court's opinion in Trusty, 919 S.W.2d 305. In its brief, the State concedes that Trusty holds that aggravated assault is neither a lesser included offense nor lesser grade of attempted first degree murder. However, it contends that the Appellee's failure to object to the aggravated assault instruction constitutes an implicit amendment to the indictment to include aggravated assault.

Appellee emphasizes that he did not request the jury charge on aggravated assault and correctly observes that "Neither this [C]ourt nor the Tennessee Supreme Court has ever ruled that an accused's right to be charged by presentment or indictment may be waived by not objecting to a jury charge." Appellee further argues that under the holding and rationale of Trusty, habeas corpus relief was properly granted in this case for the following reasons. First, the indictment failed to inform Appellee of the essential elements of the offense for which he ultimately was convicted and, therefore, afforded the convicting court no adequate ground upon which to enter the judgment of conviction. Second, at the time of Appellee's trial, he was not indicted for the crime of aggravated assault. Therefore, the trial court was without jurisdiction to enter a judgment based upon a crime for which Appellee was not indicted.

Typically, a defendant's failure to interpose a contemporaneous objection to jury instructions at the trial would result in waiver. State v. Brimmer, 876 S.W.2d 75, 82 (Tenn. 1994). See also TENN. R. CRIM. P. 52(b). However, in order to ensure that substantial justice is done, we exercise our discretion and consider this issue. Id.

It is true that where the defendant affirmatively requests a particular jury instruction on an offense not charged in the indictment, erroneously believing that

offense to be a lesser included offense of the charged crime, the defendant's is deemed to have consented to an amendment of the indictment. State v. Michael Lynn Ealey, 03C01-9609-CR-00333, Greene County (Tenn. Crim. App., Knoxville, June 17, 1997); State v. Robert W. Bentley, C.C.A. No. 02C01-9601-CR-00038, slip op. at 2, Shelby County (Tenn. Crim. App., Jackson, October 17, 1996). However, we will not presume consent merely from the accused's silence. Appellee's judgment of conviction for aggravated assault is, therefore, void on its face because the trial court lacked the authority to render the judgment. See Passarella, supra, at 627.

The trial court's grant of Appellee's petition for writ of habeas corpus is affirmed.

_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
GARY R. WADE, JUDGE

_____
DAVID H. WELLES, JUDGE