# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### MARCH SESSION, 1998


**FILED**

**April 1, 1999**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9709-CC-00341 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | HENRY COUNTY |
| VS. | ) | |
| | ) | HON. JULIAN P. GUINN |
| JAMES ROBERT FIELDS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Direct Appeal - Class B Misdemeanor |
| | ) | Assault) |

FOR THE APPELLANT:

TERRY J. LEONARD
9 North Court Square
P. O. Box 957
Camden, TN 38320

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

PETER M. COUGHLAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

ROBERT RADFORD
District Attorney General
24th Judicial District
P. O. Box 686
Huntingdon, TN 38344

OPINION FILED _____

REVERSED AND DISMISSED

JERRY L. SMITH, JUDGE

# OPINION

In November of 1996, a Henry County grand jury indicted Appellant James Robert Fields for one count of statutory rape. On February 26, 1997, a Henry County jury acquitted Appellant of the statutory rape charge and convicted him of Class B misdemeanor assault. After a sentencing hearing on March 10, 1997, the trial court imposed a six-month sentence, with ninety days of continuous confinement followed by three months of supervised probation. Appellant challenges both his conviction and his sentence, raising the following issues:

1) whether the evidence is sufficient to support his conviction; and

2) whether the trial court imposed an excessive sentence.

After a review of the record, we reverse the judgment of the trial court and dismiss the conviction for assault.

## FACTS

A.D.[1] testified that she first met Appellant and Lucas Bradley Taylor on August 5, 1996, while she was drinking beer and smoking marijuana at the home of Kevin Hilt. A.D. eventually left Hilt's home and traveled with Appellant and Taylor to Taylor's residence. When they arrived at Taylor's residence, Taylor went inside and Appellant and A.D. remained in the car. A.D. testified Appellant then asked her for sex, and she said nothing in response. Appellant then lifted

---

[1]The record indicates that A.D. was fourteen years old on August 5, 1996. It is the policy of this Court to protect the identity of child sex abuse victims to the extent the circumstances permit.

up A.D.'s shirt, unfastened her bra, unzipped her pants, and put his finger in her vagina.

A.D. testified that when Taylor returned, Appellant asked him to go back in the residence. When Taylor went back in the residence, Appellant unzipped A.D.'s pants again and put his finger back in her vagina. A.D. testified that she did not say anything during this occurrence.

A.D. testified that Appellant then drove to a motel and paid for a room. Appellant then asked A.D. for sex and became angry and left when she declined. A.D. then had sex with Taylor.

Lucas Bradley Taylor testified that on August 5, 1996, he and Appellant went looking for marijuana. Their search eventually led them to the home of Kevin Hilt, where they met A.D. Appellant then drove Taylor and A.D. to Taylor's residence in order to obtain some condoms. Taylor testified that on the way to his residence, Appellant told A.D. that "you didn't come along on this ride for nothing and your going to give up something."

Taylor testified that when he was unable to find any condoms at his residence, he got back in Appellant's car and Appellant then drove to an establishment where Taylor could purchase condoms. During this time, Taylor saw that Appellant had placed his hand down A.D.'s pants. Taylor testified that A.D. did not say or do anything while Appellant had his hand down her pants.

Taylor testified that shortly after these events, he entered an establishment and purchased some condoms. Taylor then got back in Appellant's vehicle, and Appellant began driving to a motel. During this time, Appellant again placed his hand down A.D.'s pants. Taylor testified that A.D. did not say or do anything while Appellant had his hand down her pants.

Taylor testified that Appellant then drove to a motel and secured a room. Appellant then asked A.D. for sex, and A.D. declined. Appellant became angry and left, and A.D. then had sex with Taylor.

Detective William Vandiver of the Henry County Sheriff's Department testified that Appellant had made a written statement in which he admitted that he had driven A.D. and Taylor to a place where Taylor could purchase condoms, that he had placed his hand on A.D.'s leg while he was driving his vehicle, that he took A.D. and Taylor to a motel and paid for a room, and that he asked A.D., "Do you think you might give me a dose of that?"

**ANALYSIS**

Appellant claims that the evidence is insufficient to support his conviction for Class B misdemeanor assault and that the trial court erroneously imposed a longer sentence than he deserves. However, we need not address these issues because we hold that Appellant's conviction must be reversed because he was convicted of a crime for which he was not charged.[2]

---

[2]This issue was not raised by the parties. The general rule is that appellate courts will not consider issues that are not raised by the parties; however, plain error is an appropriate consideration for an appellate court whether properly assigned or not. State v. Walton, 958 S.W.2d 724, 727 (Tenn. 1997).

The law is well-established in Tennessee that an indictment or presentment must provide notice of the offense charged, an adequate basis for the entry of a proper judgment, and suitable protection against double jeopardy. State v. Cleveland, 959 S.W.2d 548, 552 (Tenn. 1997); State v. Trusty, 919 S.W.2d 305, 309 (Tenn. 1996); State v. Byrd, 820 S.W.2d 739, 741 (Tenn. 1991). "As a result, a defendant cannot legally be convicted of an offense which is not charged in the indictment or which is not a lesser offense embraced in the indictment." Cleveland, 959 S.W.2d at 552; see also Trusty, 919 S.W.2d at 310. Because Appellant was indicted for statutory rape and not for Class B misdemeanor assault, Appellant's conviction must be reversed unless Class B misdemeanor assault is either a lesser grade or class or lesser included offense of statutory rape as alleged in the indictment.[3]

"A lesser 'grade or class' of offense is established by the legislature and is determined simply by looking at the offenses set forth in a statutory chapter and part." Cleveland, 959 S.W.2d at 553. Here, Class B misdemeanor assault is not a lesser grade or class of statutory rape. The legislature has included Class B misdemeanor assault among the "assaultive offenses" set forth in Tennessee Code Annotated sections 39-13-101 through -110, while statutory rape is among the "sexual offenses" listed in Tennessee Code Annotated sections 39-13-501 through -527. Therefore, Class B misdemeanor assault is

---

An error affecting "the substantial rights of an accused may be noticed at any time . . . where necessary to do substantial justice." Tenn. R. Crim. P. 52(b). This is the case here.

[3]It is true that a defendant who affirmatively requests a particular jury instruction on an offense not charged in the indictment, erroneously believing that the offense is a lesser included offense of the charged crime, is deemed to have consented to an amendment of the indictment. State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). However, there is no indication in the record that Appellant affirmatively requested a jury instruction on the offense of Class B misdemeanor assault. With the record completely silent as to Appellant's position on charging the jury as to this offense, we cannot presume that Appellant requested an instruction and thereby consented to an amendment of the indictment.

clearly not a lesser grade or class of statutory rape. See, e.g., id. (holding that aggravated assault is not a lesser grade or class of attempted aggravated rape because aggravated assault is among the "assaultive offenses" while aggravated rape is among the "sexual offenses").

The remaining question is whether Class B misdemeanor assault is a lesser included offense of statutory rape as charged in the indictment. "Generally, an offense qualifies as a lesser included offense only if the elements of the included offense are a subset of the elements of the charged offense and only if the greater offense cannot be committed without also committing the lesser offense." Trusty, 919 S.W.2d at 310 (citing Schmuck v. United States, 489 U.S. 705, 716, 109 S.Ct. 1443, 1450–51, 103 L.Ed.2d 734 (1989)). "In other words, the lesser offense may not require proof of any element not included in the greater offense as charged in the indictment." Id. at 311.

It is clear that under the test set forth by Trusty, Class B misdemeanor assault is not a lesser included offense of statutory rape as charged in the indictment. The indictment in this case alleges:

> That [Appellant] . . . did knowingly or intentionally have sexual penetration of [A.D.], a fourteen (14) year old female, and at the time [Appellant] was at least four (4) years older than [A.D.], and did thereby commit the offense of STATUTORY RAPE, in violation of T.C.A. 39-13-506(a) . . . .

This indictment includes all of the elements of the crime of statutory rape as defined by statute. See Tenn. Code Ann. § 39-13-506(a) (1997). The offense of Class B misdemeanor assault occurs when a person "[i]ntentionally or knowingly causes physical contact with another and a reasonable person would regard the contact as extremely offensive or provocative." Tenn. Code Ann. § 39-

13-101(a)(3) (1997).  By its very nature, this offense is one that can only be committed when the victim has not consented to the physical contact.  See, e.g., State v. McKnight, 900 S.W.2d 36, 49 (Tenn. Crim. App. 1994) (holding that the consent of the victim is a defense to the crime of assault).  On the other hand, the offense of statutory rape "contemplates circumstances in which the sexual relations are admittedly consensual."  State v. Ealey, 959 S.W.2d 605, 611 (Tenn. Crim. App. 1997).  In fact, if the sexual penetration was not consensual, the crime committed would be the offense of rape.  See Tenn. Code Ann. § 39-13-503(a)(2) (1997).  Because statutory rape is committed when the sexual penetration is consensual and Class B misdemeanor assault is committed when the physical contact is nonconsensual, it is clear that the offense of statutory rape can be committed without also committing the offense of Class B misdemeanor assault.  Therefore, to use the words of Trusty,  Class B misdemeanor assault is not a lesser included offense of statutory rape because statutory rape (the greater offense) can be committed without also committing Class B misdemeanor assault (the lesser offense).

In conclusion, Appellant was convicted and sentenced for an offense for which he was never charged.  Under our law, such a conviction may not stand.  The judgment of the trial court is reversed and Appellant's conviction for Class B misdemeanor assault is dismissed.

_____
JERRY L. SMITH, JUDGE

CONCUR:

-8-


_____
JOE B. JONES, PRESIDING JUDGE[4]


_____
GARY R. WADE, JUDGE

---

[4]The Honorable Joe B. Jones died May 1, 1998, and did not participate in this opinion. We acknowledge his faithful service to the Tennessee Court of Criminal Appeals, both as our colleague and as our Presiding Judge.