IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 20, 2017

## LARRY A. PULLUM v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Wayne County**
**No. 15908    Robert L. Jones, Judge**

_____

### No. M2017-00171-CCA-R3-HC

_____

The Petitioner, Larry A. Pullum, appeals from the Wayne County Circuit Court's denial of his petition for a writ of habeas corpus. The habeas corpus court dismissed the petition because it failed to state a cognizable claim. We affirm its judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and TIMOTHY L. EASTER, JJ., joined.

Larry A. Pullum, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Brent A. Cooper, District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Petitioner was convicted upon his guilty plea of aggravated robbery and received a sentence of eight years, to be served on split confinement. Although the entire procedural history of his case is not reflected in his petition and the accompanying documents, it appears that while he was serving the probation component of his sentence, his probation was revoked and he was ordered to serve his sentence. In addition, it appears that on two occasions, he was furloughed to a rehabilitation program and to Operation Stand Down, a program that assists veterans. The habeas corpus petition alleges that the Petitioner has not received sentence credits to which he is entitled and that if the credits he claims he is owed were applied, he would be eligible for immediate release. He attached to his petition various pleadings he has filed previously relative to the credits he claims he is due, as well as copies of related correspondence. In his appellate brief, he complains that the Tennessee Department of Correction (TDOC) has failed to apply sentence credits pursuant to an agreed order signed by the trial court judge

which sets forth dates for which the Petitioner is entitled to sentence credits. On the same date the Petitioner filed his appellate brief, he filed a Motion for Consideration of New Facts, which includes various supporting documents. These documents include: (1) email and memorandum correspondence from TDOC officials regarding a change in his sentence expiration date due to the deduction of sentence credit he had received previously for furlough time in February 2008 through September 2008; (2) a January 11, 2017 Tennessee Offender Management Information System (TOMIS) Offender Sentence Letter stating that the Defendant's "expiration date" is March 24, 2017, and that his "full expiration date" is October 19, 2018;[1] and (3) an Agreed Order for Pretrial Jail Credits for February 20, 2008 through September 20, 2008. The order is signed by the trial court, the district public defender, and an assistant district attorney general.

Habeas corpus relief is generally available to "[a]ny person imprisoned or restrained of liberty" whose judgment is void or whose sentence is expired. T.C.A. § 29-21-101 (2012); *see Tucker v. Morrow*, 335 S.W.3d 116, 119-20 (Tenn. Crim. App. 2009). A petitioner has the burden of proving by a preponderance of the evidence that a judgment is void or that a sentence has expired. *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void judgment exists if it appears from the face of the judgment or the record that the convicting court lacked jurisdiction or authority to sentence the defendant or that the defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 161 (Tenn. 1993); *see Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005). In contrast, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007); *see State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

A habeas corpus court may dismiss a petition for relief without an evidentiary hearing or the appointment of counsel when the petition fails to state a cognizable claim. *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); *see* T.C.A. § 29-21-109 (2012). The question of whether habeas corpus relief should be granted is a question of law, and this court will review the matter de novo without a presumption of correctness. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

The essence of the Petitioner's complaint is that TDOC has failed to release him due to its incorrect calculations of his release eligibility date. Such calculations are within the exclusive purview of TDOC. *See* T.C.A. §§ 40-28-129 (2012), 40-35-501(r) (2014); *Stewart v. Schofield*, 368 S.W.3d 457, 463 (Tenn. 2012). An inmate's exclusive remedy in the event of a grievance about TDOC's sentence calculation is pursuant to the

---

[1] The TOMIS letter also contains this typewritten notation: "As of 3/18/17 out date is 3/8/17."

Uniform Administrative Procedures Act. *See* T.C.A. §§ 4-5-101 *et seq.*; *Stewart*, 368 S.W.3d at 464. Complaints of this nature are not cognizable in a habeas corpus action. *See, e.g.*, *Yates*, 371 S.W.3d at 155-56. We note, as well, that the TOMIS letter the Petitioner submitted with his Motion for Consideration of New Facts reflects that his sentence's "full expiration date" has not passed. The habeas corpus court did not err in dismissing the petition for failing to state a cognizable claim.

In consideration of the foregoing and the record as a whole, the judgment of the habeas corpus court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE