FILED
04/10/2019
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 28, 2018

## JUAN A. HILL v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Johnson County**
**No. CC-18-CR-52   Stacy L. Street, Judge**

_____

### No. E2018-00955-CCA-R3-HC

_____

Petitioner, Juan A. Hill, appeals from the summary dismissal of his fourth petition for writ of habeas corpus relief. Petitioner was convicted in March, 1996, of one count of rape of a child. The trial court sentenced Defendant to 35 years in confinement. On appeal, Petitioner asserts that the judgment of conviction is void because he was convicted of a crime that was not in effect at the time of the offense. Following our review, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

Juan A. Hill, Mountain City, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; and Anthony Wade Clark, District Attorney General, for the appellee, State of Tennessee.

### OPINION

*Facts and procedural history*

The facts underlying Petitioner's conviction were summarized by this court on direct appeal as follows:

> The record in this case reveals that the defendant lived with the victim, then seven years old, and the victim's mother. It reflects that on the night of May 16, 1994, when the defendant and the victim were home

and the victim's mother was gone, the defendant had sexual intercourse with the victim. Before that, the defendant made a statement to Sergeant Debbie Barron in which he claimed that as he was falling asleep on the night of the offense, the victim climbed on top of him and began moving on his penis with her vagina. He claimed that he did not know why he had an erection but that when he woke up, he pushed off the victim and told her to go to bed. At trial, however, the defendant testified that he was with the victim's mother on the night of May 16 and was never alone with the victim that night. He denied raping the victim.

*State v. Juan Alfonzo Hill*, No. 03C01-9710-CR-00441, 1999 WL 222370, at *1 (Tenn. Crim. App. April 8, 1999), *perm. app. denied* (Tenn. Sept. 20, 1999).

In July, 1999, Petitioner filed a petition for post-conviction relief, alleging ineffective assistance of counsel. The post-conviction court denied relief, and a panel of this court affirmed. *Juan Alfonzo Hill v. State*, No. E2004-02915-CCA-R3-PC, 2005 WL 2276422, at *1 (Tenn. Crim. App. Sept. 19, 2005), *no perm. app. filed*.

In October, 2011, Petitioner filed a petition for writ of habeas corpus, alleging that the indictment was defective and that the judgment of conviction failed to reflect his pretrial jail credit. *Juan A. Hill v. Sexton*, No. E2012-02077-CCA-R3-HC, 2013 WL 357565, at *1 (Tenn. Crim. App. Jan. 30, 2013), *no perm. app. filed*. The habeas corpus court denied relief, and a panel of this court affirmed. *Id*. In February, 2013, Petitioner filed a second petition for writ of habeas corpus, again alleging that the judgment of conviction was void for failing to reflect pretrial jail credit. *Juan A. Hill v. Sexton*, No. E2013-01579-CCA-R3-HC, 2014 WL 689690, at *1 (Tenn. Crim. App. Feb. 21, 2014), *no perm. app. filed*. The habeas corpus court summarily dismissed the petition, and a panel of this court affirmed on appeal. *Id*. According to Petitioner's fourth petition for writ of habeas corpus, which is the subject of this appeal, he filed a third petition for writ of habeas corpus, again alleging that the judgment of conviction was void for failing to award pretrial jail credit. Petitioner asserts this third petition is "still pending" in the trial court. In its brief, the State sets forth that the trial court dismissed the petition in March, 2018.

*Analysis*

Petitioner contends that the habeas corpus court erred by summarily dismissing this, his fourth petition. He argues that his conviction is void because the offense occurred prior to the effective date of the statute making rape of a child a criminal offense. The State responds that the habeas corpus court properly dismissed the petition

because the statute was effective in 1992 before the offense was committed. We agree with the State.

Habeas corpus relief is generally available to "[a]ny person imprisoned or restrained of liberty" whose judgment is void or whose sentence has expired. T.C.A. § 29-21-101; *see Tucker v. Morrow*, 335 S.W.3d 116, 119-20 (Tenn. Crim. App. 2009). A petitioner has the burden of proving by a preponderance of the evidence that a judgment is void or that a sentence has expired. *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void judgment exists if it appears from the face of the judgment or the record that the convicting court lacked jurisdiction or authority to sentence the defendant or that the defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 161 (Tenn. 1993); *see Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005). In contrast, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007); *see State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

A habeas corpus court may dismiss a petition for relief without an evidentiary hearing or the appointment of counsel when the petition fails to state a cognizable claim. *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); *see* T.C.A. § 29-21-109. The question of whether habeas corpus relief should be granted is a question of law, and this court will review the matter de novo without a presumption of correctness. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

The judgment form reflects that Petitioner was convicted of the offense of rape of a child, a Class A felony, in violation of Tennessee Code Annotated section 39-13-522. The date of the offense was May 16, 1994. Contrary to Petitioner's assertion that the rape of a child statute was not codified until 1997, the statute became effective on July 1, 1992. *See* 1992 Tenn. Pub. Acts, ch. 878. Prior to that date, the unlawful penetration of a child under thirteen years of age constituted aggravated rape. *See* T.C.A. § 39-13-502(a)(4) (1991). The 1992 amendment created a new Class A felony charge of rape of a child. T.C.A. § 39-13-522(a). Accordingly, Petitioner is not entitled to relief.

CONCLUSION

Based on the foregoing reasoning, the judgment of the habeas corpus court is affirmed.

_____

THOMAS T. WOODALL, JUDGE