IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs March 3, 2020

**CARLOS RICE v. JONATHAN LEBO, WARDEN**

**Appeal from the Circuit Court for Lauderdale County**
**No. 7111      Joe H. Walker, III, Judge**

_____

**No. W2019-01753-CCA-R3-HC**

_____

The pro se petitioner, Carlos Rice, appeals the denial of his petition for writ of habeas corpus by the Circuit Court for Lauderdale County, arguing the habeas corpus court erred in summarily dismissing the petition. The petitioner asserts that his sentence has expired and that he is being held past his release date. Following our review, we affirm the habeas court's dismissal of the petition because the petitioner has failed to show he is entitled to relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and TIMOTHY L. EASTER, JJ., joined.

Carlos Rice, Henning, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; and Mark E. Davidson, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

In 1996, the petitioner pled guilty to one count of first-degree felony murder and one count of attempted second degree murder for offenses that occurred in 1994. *Carlos Rice v. State*, No. W2004-02043-CCA-R3-PC, 2005 WL 940570, at *1 (Tenn. Crim. App. Apr. 22, 2005), *perm. app. denied* (Tenn. Oct. 10, 2005). The petitioner received an effective sentence of life imprisonment. *Carlos Rice*, 2005 WL 940570, at *1.

The petitioner subsequently filed a petition for post-conviction relief, claiming he received ineffective assistance of counsel. *Id*. "The petition was then dismissed or denied." *Id*. On July 13, 2004, the petitioner filed a motion to reopen post-conviction proceedings. While acknowledging the applicable statute of limitations, the petitioner claimed that appointed counsel impeded the petitioner's efforts to comply with the statute of limitations, and thus, the statute of limitations should be tolled. *Id*. The post-conviction court summarily dismissed the petition as barred by the applicable statute of limitations, and this Court affirmed the post-conviction court. *Id*. at *1-2.

In July 2005, the petitioner filed a pro se petition for writ of habeas corpus, alleging his sentence was void because the trial court lacked jurisdiction to render a judgment of conviction. *Carlos L. Rice v. David Mills*, No. W2005-01800-CCA-R3-HC, 2006 WL 433221, at *1 (Tenn. Crim. App. Feb. 23, 2006), *perm. app. denied* (Tenn. July 3, 2006). The habeas corpus court summarily denied relief, and this Court affirmed the judgment of the habeas corpus court on appeal. *Id*. at *3.

On September 5, 2019, the petitioner filed a second petition for writ of habeas corpus, alleging that his sentence had expired and that he was being held past his release date. The petitioner contended that his mandatory release date was January 14, 2019, which was the date by which he had served twenty-five years of his life sentence. After its review, the habeas corpus court summarily dismissed the petition, concluding that serving twenty-five years of a life sentence entitled the petitioner to parole eligibility, not mandatory release. *See* Tenn. Code Ann. § 40-35-501(h)(1). This timely appeal followed.

*Analysis*

On appeal, the petitioner contends the habeas court erred in summarily dismissing his petition, arguing that his sentence has expired and that he is being held past his release date. The State contends the petitioner's claim is meritless. Upon our review of the record, we affirm the decision of the habeas corpus court.

Habeas corpus relief is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007); *State v. Ritchie*, 20 S.W.3d 624, 629 (Tenn. 2000); *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A petitioner must establish a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). However, when a habeas corpus petition fails to establish that the defendant's conviction was void or that the defendant's sentence has expired, a trial court may dismiss the petition without a hearing. *State ex rel. Wade v. Norvell*, 443 S.W.2d 839, 840 (Tenn. Crim. App. 1969). Whether the

petitioner is entitled to habeas corpus relief is a question of law. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). As such, this Court reviews the trial court's findings *de novo* with no presumption of correctness. *Id.*

The petitioner argues he is entitled to habeas corpus relief because his sentence has expired. He asserts that the Tennessee Department of Correction "has continued his confinement past his expiration date of January 14, 2019, by replacing his release date with a release *eligibility* date (parole date)." The State argues that although the petitioner has served twenty-five years of his life sentence and, therefore, may be eligible for release, a sentence does not expire merely because he has reached his initial release eligibility date. We agree with the State.

The petitioner was convicted of first-degree murder and is serving an effective life sentence for a first-degree murder committed in 1994. For defendants whose life sentence was imposed for an offense committed before July 1, 1995, Tennessee Code Annotated section 40-35-501(h)(1) provides:

> Release eligibility for each defendant receiving a sentence of imprisonment for life for first degree murder shall occur after service of sixty percent (60%) of sixty (60) years less sentence credits earned and retained by the defendant, but in no event shall a defendant sentenced to imprisonment for life be eligible for parole until the defendant has served a minimum of twenty-five (25) full calendar years of the sentence, . . .

*Id*. Because the petitioner has served twenty-five years of his life sentence, he has reached the minimum date for parole eligibility. *Id*. However, his sentence has not expired, and he is not entitled to immediate release. *See Misty Roberts v. Trinity Minter, Warden*, No. W2017-01944-CCA-R3-HC, 2018 WL 1603062, at *2 (Tenn. Crim. App. March 29, 2018) ("[A] sentence does not expire merely because the release eligibility date has been reached."), *no perm. app. filed*; *Laurence Allen Hodge v. David Mills, Warden*, No. W2004-01107-CCA-R3-HC, 2004 WL 2866970, at *1 (Tenn. Crim. App. Dec. 13, 2004) ("Parole does not cause the sentence to expire or terminate, but is merely a conditional release from confinement."), *no perm. app. filed*. Therefore, the habeas court properly dismissed the petition, and the petitioner is not entitled to relief.

### *Conclusion*

Based on the foregoing authorities and reasoning, we affirm the judgment of the habeas court.

_____

J. ROSS DYER, JUDGE