IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 3, 2023

**JERRY P. HALEY v. GRADY PERRY, WARDEN**

**Appeal from the Circuit Court for Lauderdale County**
**No. 7268     A. Blake Neill, Judge**

_____

**No. W2023-00223-CCA-R3-HC**
_____

The Petitioner, Jerry P. Haley, appeals from the Lauderdale County Circuit Court's summary dismissal of his petition for a writ of habeas corpus from his convictions for aggravated rape, aggravated kidnapping, and aggravated criminal trespass and his effective sixty-year sentence. The Petitioner contends that the habeas corpus court erred by dismissing his petition. We affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J., and KYLE A. HIXSON, J., joined.

Jerry P. Haley, Clifton, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Senior Assistant Attorney General; and Jody S. Pickens, District Attorney General.

**OPINION**

On February 2, 2009, the Lauderdale County Grand Jury indicted the Petitioner for aggravated rape, aggravated kidnapping, and aggravated criminal trespass. After a jury convicted the Petitioner on all counts, he was sentenced to forty years for aggravated rape, twenty years for aggravated kidnapping, and eleven months and twenty-nine days for aggravated criminal trespass, with the rape and kidnapping sentences to be served consecutively for an effective sentence of sixty years in the Department of Correction. This court affirmed the convictions on appeal. *See State v. Jerry Phillip Haley,* No.

W2009-01800-CCA-R3-CD, 2010 WL 3605235 (Tenn. Crim. App. Sept. 16, 2010), *perm. app. denied* (Tenn. Feb. 17, 2011). The Petitioner subsequently filed a petition for post-conviction relief alleging that he received the ineffective assistance of trial counsel. The post-conviction court denied relief, and this court affirmed on appeal. *See Jerry Haley v. State*, No. W2013-00419-CCA-R3-PC, 2013 WL 6389590 (Tenn. Crim. App. Dec. 5, 2013), *perm. app. denied* (Tenn. Apr. 9, 2014).

On June 1, 2021, the Petitioner filed a petition for writ of error coram nobis, alleging that he received the ineffective assistance of counsel, that the trial court erred in imposing consecutive sentences, that a conflict of interests between a juror and a State's witness constituted plain error, and that the algorithm used to select the jury pool in Lauderdale County violated his right to a fair and impartial jury. *See Jerry P. Haley v. State*, No. W2021-00777-CCA-R3-ECN, 2022 WL 796364, at *2 (Tenn. Crim. App. Mar. 16, 2022). The coram nobis court denied relief, and this court affirmed. *Id.*

With regard to habeas corpus relief, the Petitioner, on June 17, 2014, filed a petition for a writ of habeas corpus with the United States District Court for the Western District of Tennessee alleging the ineffective assistance of counsel. The petition was dismissed. *See Jerry P. Haley v. Blair Leibach*, No. 2:14-2460-JPM-tmp, 2017 WL 11605881 (W.D. Tenn. Sept. 12, 2017), *app. for cert. of appealability denied* (6th Cir. June 8, 2018). The Petitioner then filed a motion for relief from judgment, which the district court denied. *See Jerry P. Haley v. Blair Leibach*, No. 2:14-2460-JPM-tmp, 2018 WL 11475110 (W.D. Tenn. Feb. 12, 2018). He also filed a petition for habeas corpus relief in Trousdale County Circuit Court alleging that a conflict of interests existed in the jury selection at the trial, that the trial court erred in sentencing, that the Petitioner was denied the effective assistance of counsel at trial, and that he was denied a fair and impartial trial. On May 17, 2021, the habeas corpus court denied relief, concluding that the judgments of conviction were not void. The record does not reflect that the Petitioner appealed the decision.

In this case, on January 17, 2023, the Petitioner filed a petition for writ of habeas corpus in the Lauderdale County Circuit Court contending that the trial court lacked jurisdiction to impose consecutive sentencing. In a written order, the habeas corpus court summarily denied relief concluding: (1) habeas corpus was not a substitute for a direct appeal of the convictions or a petition for post-conviction relief, (2) by challenging his sentence, the Petitioner was contesting voidable, not void, judgments, and (3) the Petitioner cannot relitigate a previously determined issue. This appeal followed.

The Petitioner contends that the habeas corpus court erred by dismissing his petition without making specific findings of fact and conclusions of law and without conducting an evidentiary hearing. The State responds that the habeas court did not err in dismissing the petition because it failed to state a cognizable claim and raised a

previously determined issue. We conclude that the habeas corpus court did not err in dismissing the petition.

Habeas corpus relief is generally available to "[a]ny person imprisoned or restrained of liberty" whose judgment is void or whose sentence has expired. T.C.A. § 29-21-101 (2018); *see Tucker v. Morrow*, 335 S.W.3d 116, 119-20 (Tenn. Crim. App. 2009). A petitioner has the burden of proving by a preponderance of the evidence that a judgment is void or that a sentence has expired. *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void judgment exists if it appears from the face of the judgment or the record that the convicting court lacked jurisdiction or authority to sentence the defendant or that the defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 161 (Tenn. 1993); *see Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005). In contrast, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007); *see State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

Post-conviction relief, not habeas corpus relief, is the appropriate avenue of relief for certain voidable judgments. T.C.A. § 40-30-103 (2018); *see Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). A habeas corpus court may dismiss a petition for relief without an evidentiary hearing or the appointment of counsel when the petition fails to state a cognizable claim. *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); *see* T.C.A. § 29-21-109 (2012). The question of whether habeas corpus relief should be granted is a question of law, and this court will review the matter de novo without a presumption of correctness. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

In the present petition, the Petitioner sought habeas corpus relief on the basis that his consecutive sentences were illegal. However, this issue was previously raised and litigated in the Petitioner's habeas corpus petition in Trousdale County. "Unlike the procedures governing the availability of the federal writ of habeas corpus, our procedures do not contemplate that a petitioner may relitigate facts in a habeas corpus proceeding." *State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000); *see also Jon Douglas Hall v. Ricky Bell*, No. M2011-00858-CCA-R3-HC, 2012 WL 1366612, at *2 (Tenn. Crim. App. Mar. 16, 2012) ("A previous adjudication of an issue bars a petitioner from raising the same issue in a subsequent petition for habeas corpus relief.") (citation omitted)), *perm. app. denied* (Tenn. Sept. 21, 2012).

The Petitioner has raised an issue previously adjudicated by the Trousdale County habeas corpus court. The Lauderdale County habeas corpus court did not err by summarily dismissing the petition. The Petitioner is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgment of the habeas corpus court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE