FILED

04/16/2026

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE.
Assigned on Briefs April 14, 2026

## GLYN DALE v. GUY BOSCH, WARDEN

**Appeal from the Circuit Court for Trousdale County**
**No. 2025-CV-5208   Michael Collins, Judge**

_____

### No. M2025-01454-CCA-R3-HC

_____

Glyn Dale, the Petitioner, appeals from the Trousdale County Circuit Court's order summarily denying his petition for a writ of habeas corpus. The State in its brief requests that this court affirm the habeas corpus court's judgment pursuant to Rule 20 of the Tennessee Court of Criminal Appeals. We conclude that the State's request is well-taken and affirm the judgment of the habeas corpus court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which TOM GREENHOLTZ, J., joined. STEVEN W. SWORD, J., not participating.

Glyn Dale, Trousdale, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; William C. Lundy, Assistant Attorney General; Jason Lawson, District Attorney General, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

In 2007, the Petitioner was convicted by a Knox County Criminal Court jury of two counts of rape of a child and received and effective twenty-year sentence. The Petitioner's convictions were affirmed on appeal, but the case was remanded for a new sentencing hearing. *See State v. Glyn Dale*, No. E2008-01139-CCA-R3-CD, 2010 WL 1241601, at *1 (Tenn. Crim. App. Mar. 31, 2010), *perm. app. denied* (Tenn. Aug. 25, 2010). On remand, the Petitioner received an effective twenty-five-year sentence. The sentence was affirmed on appeal. *See State v. Glyn Dale*, No. E2010-01824-CCA-R3-CD, 2012 WL 335460, at *1 (Tenn. Crim. App. Feb. 1, 2012), *perm. app. denied* (Tenn. May 16, 2012).

The Petitioner then filed a post-conviction petition, which was denied. This court affirmed the denial. *Glyn Terrance Dale, Sr. v. State*, No. E2014-00552-CCA-R3-PC, 2014 WL 7402155, at *1 (Tenn. Crim. App. Dec. 29, 2014), *perm. app. denied* (Tenn. Mar. 16, 2015). In June 2019, the Petitioner filed a Rule 36.1 motion to correct an illegal sentence. This court affirmed the trial court's denial of the motion. *State v. Glyn Terrance Dale, Sr.*, No. E2019-01654-CCA-R3-CD, 2020 WL 6591465, at *2 (Tenn. Crim. App. Nov. 10, 2020), *no perm. app. filed*.

On September 2, 2025, the Petitioner filed a pro se petition for a writ of habeas corpus claiming that his sentence was void. The habeas corpus court summarily denied relief. The Petitioner filed a timely notice of appeal. The State in its brief requests that we affirm the habeas corpus court's judgment by memorandum opinion pursuant to Tennessee Court of Criminal Appeals Rule 20.

Habeas corpus relief is generally available to "[a]ny person imprisoned or restrained of liberty" whose judgment is void or whose sentence has expired. T.C.A. § 29-21-101 (2012); *see Tucker v. Morrow*, 335 S.W.3d 116, 119-20 (Tenn. Crim. App. 2009). A petitioner has the burden of proving by a preponderance of the evidence that a judgment is void or that a sentence has expired. *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void judgment exists if it appears from the face of the judgment or the record that the convicting court lacked jurisdiction or authority to sentence the defendant or that the defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 161 (Tenn. 1993); *see Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005). In contrast, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007); *see State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

Post-conviction relief, not habeas corpus relief, is the appropriate avenue of relief for certain voidable judgments. T.C.A. § 40-30-103 (2012); *see Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). A habeas corpus court may dismiss a petition for relief without an evidentiary hearing or the appointment of counsel when the petition fails to state a cognizable claim. *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); *see* T.C.A. § 29-21-109 (2012). The question of whether habeas corpus relief should be granted is a question of law, and this court will review the matter de novo without a presumption of correctness. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

The Petitioner argues his sentence is void and claims in his brief's statement of facts that (1) the presentment does not contain the court clerk's signature; (2) the presentment does not contain the term in which the indictment was issued; and (3) the judgment form only contains the clerk's stamped name and not the clerk's signature. He contends that the trial court did not have subject matter jurisdiction because the presentment did not meet

proper procedural requirements. The State responds that the Petitioner's claims are meritless and are not cognizable for habeas corpus relief. We agree with the State.

Upon de novo review, we determine that the Petitioner has failed to set out a cognizable claim for habeas corpus relief. The Petitioner does not allege that the single judgment contained in the record is void on its face. Nor does the Petitioner claim that his twenty-five-year sentence has expired. The Petitioner's claims about the presentment and judgment are technical or procedural in nature and could only result in a potentially voidable judgment and would require additional testimony to establish that the judgment was void. *See Yates,* 371 S.W.3d at 155; *see also Derrick Richardson v. Virginia Lewis, Warden and the State of Tennessee*, No. E2005-00817-CCA-R3-HC, 2006 WL 3479530, at *2 (Tenn. Crim. App. Dec. 1, 2006) (holding that defective indictments are not cognizable claims for habeas corpus relief) *no perm. app. filed; see also Paul K. Flannigan v. State,* No. W2003-02979-CCA-R3-PC, 2005 WL 491529, at *3 (Tenn. Crim. App. Feb. 28, 2005) (holding that "neither the Tennessee Constitution nor the Tennessee Rules of Criminal Procedure require the clerk's signature on a judgment.") *no perm. app. filed.* The Petitioner is not entitled to relief.

When an opinion would have no precedential value, this court may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt and the evidence does not preponderate against the findings of the trial court. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this habeas corpus case satisfies the criteria of Rule 20. Accordingly, we affirm the judgment of the habeas corpus court pursuant to Tennessee Court of Criminal Appeals Rule 20.

<u>**s/ Robert H. Montgomery, Jr.**</u>
ROBERT H. MONTGOMERY, JR., JUDGE