IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs March 13, 2018

## STATE OF TENNESSEE v. LEONARDO WILLIAMS

**Appeal from the Criminal Court for Shelby County**
**No. 09-00026, 06-01192    James C. Beasley, Jr., Judge**

_____

### No. W2017-00702-CCA-R3-CD

_____

The pro se Defendant, Leonardo Williams, appeals from the trial court's denial of his "Motion to Vacate, Set Aside, or Correct an Illegal Sentence." Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and TIMOTHY L. EASTER, JJ., joined.

Leonardo Williams, Yazoo City, Mississippi, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Michael McCusker, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

On May 1, 2009, the Defendant pled guilty to charges pending in two separate cases. See State v. Leonardo Williams, No. W2015-02434-CCA-R3-CD, 2016 WL 6078565, at *1 (Tenn. Crim. App. Oct. 14, 2016), perm. app. denied (Tenn. Jan. 20, 2017). He pled guilty to one count of solicitation of the sale of cocaine in Case Number 06-01192, and he pled guilty to unlawful possession of cocaine with intent to sell in Case Number 09-00026. Id. The sentences for the two drug convictions were aligned

consecutively for a total effective sentence of four years on probation. <u>Id.</u> On January 4, 2013, the Defendant's probation was revoked. <u>Id.</u>

The Defendant subsequently filed a pro se motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. <u>Id.</u> The trial court summarily dismissed the motion, finding that it failed to state a colorable claim, as the Defendant's sentences were not illegal. <u>Id.</u> The Defendant appealed, arguing that "his three-year sentence had expired and that he was 'four months into [his] one-year sentence' when his probation was revoked." <u>Id.</u> This court determined that the Defendant's sentences were not illegal and affirmed the ruling of the trial court. <u>Id.</u> at *2.

On October 31, 2016, the Defendant filed a pro se motion entitled "Motion to Vacate, Set Aside, or Correct an Illegal Sentence." In his motion, the Defendant challenged the calculation of his probationary period and essentially argued that, in revoking his probation, the court reinstated a sentence that had already expired. On February 21, 2017, the trial court found that the motion failed to state a colorable claim and summarily dismissed the motion, noting that the Defendant had filed the exact motion in 2015.

The Defendant appealed, arguing that the trial court erroneously construed his motion as a Rule 36.1 motion and not as a petition for post-conviction relief as he had indicated in the body of the motion. Lending to the confusion, in his motion and briefs, the Defendant cites legal authority relevant to Rule 36.1 motions, as well as writs of habeas corpus. As we understand it, the gist of the Defendant's argument is that the trial court violated his protection against double jeopardy "by revoking his probation, and resentencing him to serve a custodial sentence for a probationary period that was successfully completed." He urges this court to grant him relief under any basis we discern.

## ANALYSIS

Rule 36.1 provides "a mechanism for the defendant or the State to seek to correct an illegal sentence." <u>State v. Brown</u>, 479 S.W.3d 200, 208-09 (Tenn. 2015). An illegal sentence is defined as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). When a defendant files a motion under Rule 36.1, the trial court must determine whether the motion "states a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b). In the context of Rule 36.1, a colorable claim is a claim that, "if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." <u>State v. Wooden</u>, 478 S.W.3d 585, 593 (Tenn. 2015). The motion is not subject to a

statute of limitations, but Rule 36.1 "does not authorize the correction of expired illegal sentences." Brown, 479 S.W.3d at 211.

If we treat the Defendant's motion as a Rule 36.1 motion, we note that it appears that the Defendant's sentences have already expired. The Defendant filed this motion on October 31, 2016. According to TOMIS records submitted by the State, the Defendant's three-year-sentence in Case Number 09-00026 expired on April 21, 2015, and his one-year-sentence in Case Number 06-01192 expired on December 21, 2015, both well before he filed this motion.

If we treat the Defendant's motion as a post-conviction petition, the Defendant is without relief. Under the Post-Conviction Procedure Act, a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." Tenn. Code Ann. § 40-30-102(a).

The post-conviction statute contains a specific anti-tolling provision:

The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

Id.

Subsection (b) of the statute sets forth the three narrow exceptions under which an untimely petition may be considered, none of which is applicable in this case. However, due process considerations may require tolling of the statute of limitations in some cases. See Whitehead v. State, 402 S.W.3d 615, 622-23 (Tenn. 2013) (identifying three circumstances under which due process requires tolling of the post-conviction statute of limitations: (1) when a claim for relief arises after the statute of limitations has expired; (2) when a petitioner is prevented by his or her mental incompetence from complying with the statute's deadline; and (3) when attorney misconduct necessitates the tolling of the statute).

- 3 -

Arguably, the Defendant's claim for relief did not arise until his probation was revoked and sentence placed into effect. However, that took place on January 4, 2013, and the instant motion was not filed until October 31, 2016. The statute of limitations for filing a petition for post-conviction relief has long-since expired and due process does not necessitate its tolling.

If we treat the Defendant's motion as a writ of habeas corpus, the Defendant is likewise without relief. In Tennessee the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). The Defendant, a federal inmate whose state sentences have expired, is not currently being restrained of his liberty under the 2009 judgment and, thus, is not entitled to habeas corpus relief.

If we treat the Defendant's motion as a petition for writ of error coram nobis, the Defendant is still without relief. A writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." State v. Mixon, 983 S.W.2d 661, 672 (Tenn. 1999) (citation omitted). Tennessee Code Annotated section 40-26-105(b) provides that error coram nobis relief is available in criminal cases as follows:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

Our supreme court has stated the standard of review as "whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different." State v. Vasques, 221 S.W.3d 514, 525-28

(Tenn. 2007) (citation omitted).  Petitions for writ of error coram nobis are subject to a one-year statute of limitations.  Tenn. Code Ann. § 27-7-103; Harris v. State, 301 S.W.3d 141, 144 (Tenn. 2010).  The statute of limitations for filing a petition for writ of error coram nobis has expired, and we discern no due process grounds for its tolling.

## **CONCLUSION**

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE