FILED
08/14/2019
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs June 5, 2019

**ROOSEVELT BIGBEE, JR. v. JONATHAN LEBO, WARDEN**

**Appeal from the Circuit Court for Lauderdale County**
**No. 7062      Joe H. Walker, III, Judge**

_____

**No. W2019-00051-CCA-R3-HC**

_____

The pro se Petitioner, Roosevelt Bigbee, Jr., appeals the summary dismissal of his petition for writ of habeas corpus. Following our review, we affirm the summary dismissal of the petition for failure to state a cognizable claim for habeas corpus relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which THOMAS T. WOODALL and TIMOTHY L. EASTER, JJ., joined.

Roosevelt Bigbee, Jr., Henning, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; Mark E. Davidson, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The Petitioner was convicted by a Sumner County Criminal Court jury of the December 28, 1988 first degree felony murder of a convenience store clerk and sentenced to death. Our supreme court affirmed his conviction but reversed and remanded for resentencing, finding that the combination of improper prosecutorial argument and admission of evidence of the Petitioner's previous felony murder conviction of another store clerk "resulted in plain error that affected the substantial rights of the defendant." State v. Bigbee, 885 S.W.2d 797, 800 (Tenn. 1994). The Petitioner was subsequently resentenced to life imprisonment, to be served consecutively to the life plus eleven year

sentence he had received for the previous felony murder and robbery convictions in Montgomery County. The sentence was affirmed by this court on direct appeal, and our supreme court denied his application for permission to appeal. State v. Roosevelt Bigbee, No. 01C01-9601-CR-00045, 1997 WL 13738, at *1 (Tenn. Crim. App. Jan. 16, 1997), perm. app. denied (Tenn. Sept. 15, 1997).

The Petitioner's conviction was based on his participation with three men in an attempted armed robbery of a convenience store in Hendersonville in which the victim store clerk was beaten and shot to death. Bigbee, 885 S.W.2d at 800. No money was missing from the store, and $82.00 was found in the victim's wallet. Id. However, the State's key witness, the Petitioner's co-defendant, Joe T. Baker, who had earlier pled guilty to the victim's murder, testified that although none of the men had any money when they entered the market, another accomplice, Joel Hoosier, tried to give Mr. Baker some money when the men returned to their vehicle after the crime. Id. at 801.

In August 2016, the Petitioner filed a petition for writ of habeas corpus in which he alleged that "because he was not separately indicted for attempted robbery, the underlying felony in the felony murder indictment, he did not receive adequate notice of the charges against him." Roosevelt Bigbee v. Jonathan Lebo, Warden, No. W2016-01997-CCA-R3-HC, 2017 WL 838482, at *1 (Tenn. Crim. App. Mar. 3, 2017), perm. app. denied (Tenn. May 24, 2017). The habeas corpus court summarily dismissed the petition for failure to state a cognizable claim for relief, and this court affirmed the summary dismissal of the petition. Id.

On December 11, 2018, the Petitioner filed the petition for writ of habeas corpus that is at issue in this case. In this second petition, the Petitioner alleges that his conviction is void because he was tried for an offense not charged in the indictment, and the indictment "was illegally broadened by the evidence submitted at trial." Specifically, he argues that the State constructively amended the indictment by presenting the "false and misleading testimony" of co-defendant Baker in support of a completed robbery, when the indictment charged the Petitioner with murder during an attempted, rather than completed, robbery.

On December 12, 2018, the habeas corpus court summarily dismissed the petition on the basis that it failed to state a cognizable claim for habeas corpus relief. In its order of dismissal, the court noted that "issues with regard to the indictment were ruled on in a prior petition" and that the Petitioner's complaints about witnesses and the sufficiency of the evidence did not entitle him to habeas corpus relief, which is warranted only when the convicting court is without jurisdiction or the sentence has expired. Thereafter, the Petitioner filed a timely notice of appeal to this court.

## ANALYSIS

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired.  Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998).  A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment."  Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)).  A challenge to the sufficiency of an indictment may be brought in a habeas corpus proceeding if "the indictment is so defective as to deprive the court of jurisdiction."  Dykes, 978 S.W.2d at 529.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence.  Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).  Furthermore, when a "habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing."  Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)).  Whether the petitioner is entitled to habeas corpus relief is a question of law.  Id. at 255; Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000).  As such, our review is de novo with no presumption of correctness given to the habeas court's findings and conclusions.  Summers, 212 S.W.3d at 255.

We find no error in the habeas corpus court's summary dismissal of the petition.  Although worded slightly differently, the Petitioner raises the same complaints about the alleged insufficiency of the indictment that he raised in his first petition for writ of habeas corpus.  As we have previously explained, neither the fact that the Petitioner was not separately charged with attempted robbery, nor that the Petitioner was charged with and acquitted of aggravated robbery, "renders his felony murder indictment void under Tennessee law."  Bigbee, 2017 WL 838482 at *2.

## CONCLUSION

Because the Petitioner has failed to state a cognizable claim for habeas corpus relief, we affirm the summary dismissal of the petition for writ of habeas corpus.

_____
ALAN E. GLENN, JUDGE