IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
May 15, 2019 Session

**DANIEL G. CARR v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Macon County
Nos. 99-CR-93, 99-CR-94, 99-CR-95,   Brody Kane, Judge
99-CR-96, 99-CR-97, 99-CR-98**

**No. M2017-01389-CCA-R3-PC**

In this consolidated appeal, the Petitioner, Daniel G. Carr, appeals the Macon County Circuit Court's dismissals of his petitions for post-conviction and habeas corpus relief from his 1999 convictions for rape, attempted rape, aggravated sexual battery, statutory rape, and two counts of sexual battery and his effective ten-year sentence. He contends that the court erred in denying post-conviction relief without holding an evidentiary hearing and that the court erred by denying habeas corpus relief because the court lacked jurisdiction to amend the judgments. Because the Petitioner had completed his term of imprisonment prior to entry of the amended judgments, we agree with the Petitioner, and conclude that the court was without jurisdiction to enter the amended judgments. We reverse and vacate the court's judgment relative to the habeas corpus claim, and we remand this matter with instructions to grant habeas corpus relief. In the event of further review, we also conclude that the court erred in dismissing the Petitioner's post-conviction petition without a hearing, and we remand this case for consideration of whether due process requires tolling the post-conviction statute of limitations and, if so, whether the Petitioner is entitled to post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Reversed, Vacated, And Remanded**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE, J., joined. ROBERT H. MONTGOMERY, JR., J., filed an opinion concurring in part and dissenting in part.

Jessica Van Dyke, Nashville, Tennessee, for the Petitioner, Daniel G. Carr.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Assistant Attorney General; and Tom P. Thompson, Jr., District Attorney General; and

Thomas H. Swink, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 1999, the Petitioner pleaded guilty pursuant to a negotiated agreement to rape, attempted rape, statutory rape, aggravated sexual battery, and two counts of sexual battery in exchange for an effective ten-year sentence. The rape, attempted rape, and aggravated sexual battery judgments did not reflect that the community supervision for life (CSL) provision as required by Tennessee Code Annotated section 39-13-524. On September 14, 2006, the court entered an order requiring the entry of corrected judgments to reflect the CSL provision. Amended judgments for all the Petitioner's convictions were entered in October 2006 to reflect CSL.

On May 22, 2017, the Petitioner filed a pro se petition for post-conviction relief, alleging that the court failed to advise him at the guilty plea hearing that CSL was a consequence of his guilty pleas, that his agreed-upon sentences did not include CSL, and that the judgments were amended in 2006 to include CSL without notice to him and without his knowledge. Although the Petitioner acknowledged that the one-year statute of limitations in which to file a petition for post-conviction relief had expired, he asserted that compelling evidence supported tolling the limitations period. The Petitioner stated that he had served forty-one months in confinement for violating the federal "Sex Offender Registration and Notification Act," that he completed an intensive in-patient, three-year treatment program for sexual offenders, and that he was released from federal custody on July 28, 2016. He stated that when he was in federal custody outside of Tennessee, he did not have access to Tennessee legal materials to research CSL and was prevented from asserting his post-conviction claim. He stated that his federal conviction was "overturned" on October 16, 2016.

On June 9, 2017, the Petitioner, trial counsel, and the prosecutor appeared in the court on the post-conviction petition. However, the court dismissed the pro se petition because it was untimely and because the Petitioner failed to assert any "allegations related to defective legal representation." After the court denied relief, the Petitioner told the court that when he was in federal custody, he did not have access to Tennessee legal materials or to Tennessee courts and that the federal conviction for which he was serving a sentence was later overturned. He asserted that he did not have a way to present his claim before the statute of limitations expired. He requested the court toll the statute of limitations. The court again denied relief, and when the Petitioner requested clarification of the court's basis for denying relief, the court stated that the Petitioner had not asserted a claim "that would relate [to] ineffective assistance of counsel" and that "[t]his is simply a bare record." The Petitioner informed the court that when the judgments were amended to include CSL, neither he nor trial counsel were provided notice or were present at any court proceeding.

Subsequently, the Petitioner obtained post-conviction counsel, and on July 7, 2017, counsel filed a motion to reconsider the court's determinations and, alternatively, to hold an evidentiary hearing on the petition. An order resolving the motion is not contained in the appellate record, but the Petitioner filed a notice of appeal relative to the denial of post-conviction relief on July 7, 2017. On November 14, 2017, the court granted the Petitioner's request for an evidentiary hearing for the purpose of determining whether "the statute had been complied with." The hearing was scheduled for February 9, 2018, and the appeal from the post-conviction proceedings was stayed by this court pending the outcome of the February 9, 2018 hearing. However, no transcript of a hearing is contained in the appellate record, and the parties agree on appeal that the court ultimately did not hold a hearing. The court entered an order on February 12, 2018, denying the Petitioner's motion to reconsider the court's post-conviction determinations.

On September 26, 2017, the Petitioner filed a petition for a writ of habeas corpus, alleging that the judgments were void because the amended judgments reflecting CSL were entered after the expiration of his sentences on June 27, 2006. He stated that upon his release from confinement on June 27, 2006, he registered as a sex offender but that no one had advised him that he was subject to lifetime supervision. He alleged that neither his plea agreement nor his discussions with trial counsel included a reference to CSL. The Petitioner alleged that neither the prosecutor nor the trial judge advised him that he would be supervised for life as a result of entering his guilty pleas. Attached to the petition was an affidavit of a court reporter who unsuccessfully attempted to locate the recording of the Petitioner's guilty plea colloquy. The Petitioner alleged that he was advised of lifetime supervision three months after his release from the Tennessee Department of Correction. He argued that the amended judgments were an attempt by the court to correct illegal judgments pursuant to Tennessee Rule of Criminal Procedure 36.1, that the Petitioner's sentences had expired when the amended judgments were entered, and that Rule 36.1 does not apply to expired sentences. He asserted that, as a result, the trial court had no authority to amend the judgments.

The State responded that the amended judgments reflected valid convictions and sentences and were not void. The Petitioner later submitted an affidavit of trial counsel, who affirmed that counsel was unaware of the law mandating lifetime community supervision, that the law was new at the time counsel represented the Petitioner, that counsel did not advise the Petitioner that the Petitioner would be subject to lifetime supervision as a result of the guilty pleas, and that lifetime supervision was not a bargained-for portion of the plea agreement. Counsel also affirmed that he had no recollection of the State's seeking to amend the judgments after the Petitioner's release from confinement.

On March 8, 2018, the court summarily denied habeas corpus relief. The court found that the Petitioner pleaded guilty to offenses that required community supervision for life, that the original judgments did not reflect lifetime supervision, and that the

-3-

Petitioner was subject to lifetime supervision when he entered his guilty pleas. The court determined that the Petitioner had failed to establish his allegation that the trial court failed to advise him of the supervision requirement because the recording of the guilty plea hearing could not be found and was presumed to be lost. The court determined that the trial court's 2006 order was intended to correct the judgments to reflect the supervision sentence, that the amended judgments were "necessary and cured any error" contained in the original judgments, and that the trial court had jurisdiction to correct the error.

On March 8, 2018, the Petitioner appealed the denial of habeas corpus relief, and on April 25, 2018, this court granted the Petitioner's request to consolidate the appeals from the post-conviction proceedings and from the habeas corpus proceedings.

## I.    Petition for a Writ of Habeas Corpus

The Petitioner contends that the court erred by denying habeas corpus relief. He asserts that the trial court lacked jurisdiction to amend the judgments because his sentences had expired and that, as a result, the amended judgments reflecting lifetime community supervision are void. The State responds that the amended judgments are not void. We agree with the Petitioner.

Habeas corpus relief is generally available to "[a]ny person imprisoned or restrained of liberty" whose judgment is void or whose sentence has expired. T.C.A. § 29-21-101 (2012); see Tucker v. Morrow, 335 S.W.3d 116, 119-20 (Tenn. Crim. App. 2009). A petitioner has the burden of proving by a preponderance of the evidence that a judgment is void or that a sentence has expired. State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void judgment exists if it appears from the face of the judgment or the record that the convicting court lacked jurisdiction or authority to sentence the defendant or that the defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 161 (Tenn. 1993); see Moody v. State, 160 S.W.3d 512, 515 (Tenn. 2005). In contrast, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007); see State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). The question of whether habeas corpus relief should be granted is a question of law, and this court will review the matter de novo without a presumption of correctness. Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005).

The record reflects that in 1999, the Petitioner pleaded guilty to offenses enumerated in Code section 39-13-524(a), which required that the Petitioner be subject to community supervision for life (CSL). However, the original 1999 judgments of conviction omitted the CSL provision. In June 2006, the Petitioner was released upon completion of his effective ten-year term of imprisonment. In October 2006, the court entered amended judgments to reflect the CSL provision, and the Petitioner was

subsequently advised that he was required to comply. Upon our review, we conclude that the court was without jurisdiction to correct the Petitioner's original 1999 judgments because they had expired upon the Petitioner's completion of his ten-year prison term and release from confinement. See State v. Brown, 479 S.W.3d 200, 211 (Tenn. 2015) (rejecting position that illegally lenient sentence may be corrected at any time) (citing Commonwealth v. Selavka, 469 Mass. 502, 14 N.E.3d 933, 941 (2014)) (concluding that even an illegal sentence will acquire a finality that bars further punitive changes detrimental to the defendant and holding that delayed correction of the defendant's initial sentence violated double jeopardy); see also Anthony Leslie v. State, No. M2018-00856-CCA-R3-HC, 2019 WL 3814623 (Tenn. Crim. App. Aug. 14, 2019), no perm. app. filed. The 2006 amended judgments are therefore a nullity. We recognize that the 1999 judgments are unlawful and illegally lenient; however, they must stand because the State did not amend the judgments prior to the Petitioner's release from confinement. Because the original 1999 judgments of conviction do not contain the CSL provision, the Petitioner shall not be required to comply.

This case presents the very scenario addressed by and explored in Brown, which held that neither Rule 36.1 nor the habeas corpus law that was in effect in 2006, from which Rule 36.1 was derived, permit trial courts to correct an expired sentence. Brown, 479 S.W.3d at 206-211 (noting that the Moody court, in "adopting habeas corpus as the mechanism for challenging illegal sentences . . . implicitly limited the scope of relief for illegal sentence claims to unexpired illegal sentences); Moody v. State, 160 S.W.3d 512, 516 (Tenn. 2005) (stating that the proper procedure for challenging an illegal sentence at the trial level is through a petition for writ of habeas corpus). In reaching our conclusion that the Petitioner's sentence had expired upon his release from confinement, we acknowledge the plain language in section 39-13-524(a) noting that, "In addition to the punishment authorized by the specific statute prohibiting the conduct, a person shall receive a sentence of community supervision for life . . ." T.C.A. §39-13-524(a) (emphasis added). Indeed, it is the omission of this provision that infects the original judgments. However, this court has previously observed "the expiration-of-sentence concept as being tied to a prison sentence." See John Doe v. Mark Gwyn, Dir. of Tenn. Bureau of Investigation, et. al., No. E2012-00497-CCA-R3HC, 2013 WL 1136523, at *4 (Tenn. Crim. App. Mar. 19, 2013) (concluding that the petitioner's three-year sentence had expired and that the applicable restraints imposed upon the petitioner by the sexual offender registration laws did not equate to an extension of his sentence). Our decision is further bolstered by the fact that a violation of the community supervision for life provision is separate and distinct from violations of other post-release requirements attendant to a defendant's sentence. A violation of the community supervision for life provision evokes a new criminal sanction, see T.C.A. §39-13-526, and not revocation of a defendant's original, expired sentence or probation.

Additionally, the general rule that an illegal sentence may be corrected at any time must be balanced with the importance of finality when a sentence is no longer subject to

review. See Bozza v. United States, 330 U.S. 160, 166-67 (1947); United States v. DiFrancesco, 449 U.S. 117, 134-35 (1980); see also Reid K. Weisbord & George C. Thomas, III, Judicial Sentencing Error and the Constitution, 96 B.U. L. Rev. 1617, 1659-60 (2016) (discussing evolution of federal and state law concerning review of illegally lenient sentences and constitutional implications thereof). "A defendant who has been released from prison cannot be resentenced even if his original sentence was illegal, as long as appeal is no longer possible. A defendant's release from prison reflects significant indicia of finality on which one should be entitled to rely." Id.; see also State v. Schubert, No. A-1110-09T4, 2011 WL 1549237, at *4 (N.J. Super. Ct. App. Div. Apr. 26, 2011), aff'd 212 N.J. 295, 53 A.3d 1210 (2012) ("[W]here the sentence imposed is not authorized by law, the sentence may be corrected at any time. However, that rule is not determinative because . . . the forerunner of this rule 'was not designed to authorize an enlargement of the punishment after the [illegal] sentence imposed had been satisfied and the defendant discharged.'").

Drawing from the above principles, the Petitioner's sentence must be construed as the sentence set forth in his original 1999 judgments because the State failed to amend the 1999 judgments prior to his release from his ten-year term of imprisonment. When the State attempted to amend the judgments, the Petitioner's sentence had expired, and the court no longer had jurisdiction to do so. We additionally note that in amending the judgments in this fashion, the State effectively imposed a second penalty for the same offense in violation of principles of double jeopardy. See Ward v. State, 315 S.W.3d 461 (Tenn. 2010) (mandatory sentence of community supervision for life was a punitive consequence of defendant's guilty plea). The Petitioner had a legitimate expectation of finality in his original sentences because, when the State amended the illegal judgments, he had served the entirety of his prison term and his sentences were no longer subject to appellate review. See Tenn. R. Crim. P. 36.1 (a)(l) ("A motion to correct an illegal sentence must be filed before the sentence set forth in the judgment order expires.") (emphasis added). Accordingly, the trial court erred in denying habeas corpus relief. We therefore remand this matter to the trial court with instructions that the writ of habeas corpus be granted.

## II.    Petition for Post-Conviction Relief

Although we have determined that the trial court erred in denying habeas corpus relief, we will review the Petitioner's remaining claim in the event of further appellate review. The Petitioner also contends that the court erred by summarily denying post-conviction relief without first providing the Petitioner an opportunity to present evidence relative to whether due process required tolling the statute of limitations. He argues that his pro se petition contained colorable claims for post-conviction relief, including that his guilty pleas were involuntary because trial counsel and the trial court failed to advise him that he was subject to lifetime community supervision, that the judgments were amended without the assistance of counsel, and that Ward v. State, 315 S.W.3d 461 (Tenn. 2010),

supported post-conviction relief in this case. The Petitioner, likewise, argues that he is entitled to an evidentiary hearing to show that due process requires tolling of the statute of limitations. The State responds that although the court erred by determining that the Petitioner failed to assert colorable post-conviction claims, the court did not err by dismissing the petition as untimely. For the reasons that follow, we remand this matter for an evidentiary hearing.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2012). A petitioner has the burden of proving his factual allegations by clear and convincing evidence. Id. § 40-30-110(f) (2012). A post-conviction court's findings of fact are binding on appeal, and this court must defer to them "unless the evidence in the record preponderates against those findings." Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); see Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's application of law to its factual findings is subject to a de novo standard of review without a presumption of correctness. Fields, 40 S.W.3d at 457-58.

Post-conviction relief is available within one year of the date of a judgment's becoming final. T.C.A. § 40-30-102(a) (2012). The Post-Conviction Procedure Act states, "Time is of the essence of the right to file a petition for post-conviction relief . . . , and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." Id. The statute provides three exceptions:

> (b) No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:
>
> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;
>
> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in

which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Id. § 40-30-102(b)(1)-(3).

The record reflects that the court denied post-conviction relief, in part, because it determined that a petition must assert an ineffective assistance of counsel claim in order to be entitled to post-conviction relief and that the Petitioner did not assert an ineffective assistance allegation. Although a Sixth Amendment violation to the effective assistance of counsel is a colorable post-conviction claim, ineffective assistance is not the only constitutional violation that may be alleged in a post-conviction petition. Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Id. § 40-30-103. Furthermore, the pro se petition contained allegations which can be construed as ineffective assistance and involuntary guilty plea claims, although the Petitioner may not have used this precise language.

The Petitioner's pro se petition alleged that his constitutional rights were violated because trial counsel and the trial court failed to inform him that he would be subject to community supervision for life as a result of his guilty pleas, that the guilty plea negotiations did not include a discussion about community supervision of life, and that he first learned of the CSL provision after his release from the Tennessee Department of Correction. The Petitioner alleged that the trial court failed to advise him of the CSL provision at the guilty plea hearing, which can be a cognizable claim for post-conviction relief. See Ward, 315 S.W.3d at 476 (concluding that CSL is a direct and punitive consequence of a guilty plea and that a trial court has an affirmative duty to inform a defendant of the sentence before accepting a guilty plea); see also State v. Nagele, 353 S.W.3d 112 (Tenn. 2011). Furthermore, we agree with the State that the Petitioner implicitly alleged an ineffective assistance of counsel claim by stating that counsel failed to discuss the lifetime supervision sentence during counsel's representation. Counsel's affidavit supports the Petitioner's allegation that counsel failed to advise the Petitioner about the CSL provision. The plea agreement documents likewise support the Petitioner's claim. The allegations, if taken as true, would entitle the Petitioner to post-conviction relief. Therefore, we conclude that the post-conviction court erred by determining that the Petitioner failed to state a colorable claim for post-conviction relief.

However, the record reflects, and the Petitioner concedes, that the pro se post-conviction petition was filed after the one-year statute of limitations expired. As a result, the record supports the court's determination that the post-conviction petition was untimely. The Petitioner, though, sought due process tolling of the statute of limitations based upon his learning of the CSL provision after he had completed serving his sentence in confinement and his being confined in federal prison for an extended period of time, during which Tennessee legal materials were not available to him. Although these

allegations alone are insufficient for tolling the limitations period pursuant to Code section 40-30-102(b), the court did not consider whether due process principles required tolling the post-conviction statute of limitations. In addition to the statutory exceptions, due process may require tolling the statute of limitations in certain circumstances. See Burford v. State, 845 S.W.2d 204, 108 (Tenn. 1992) ("[D]ue process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.") (citing Long v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982)); see also Bush v. State, 428 S.W.3d 1, 20-21 (Tenn. 2014); State v. Carl David Roe, No. E2018-00609-CCA-R3-CD, 2019 WL 764544, at *3-4 (Tenn. Crim. App. Feb. 21, 2019) (concluding that although our supreme court determined that Ward does not automatically toll the limitations period, due process principles may requiring tolling).

The court initially granted the Petitioner's request for an evidentiary hearing relative to whether tolling the post-conviction statute of limitations was warranted, but the parties agree that the court for an unknown and inexplicable reason filed an order denying relief without holding a hearing to consider due process tolling. Because the court failed to hold a hearing to consider whether due process requires tolling the statute of limitations, we reverse the judgment of the court and remand for an evidentiary hearing to determine whether the Petitioner is entitled to due process tolling of the limitations period. If the court determines that due process requires tolling the statute of limitations, the court shall consider whether the Petitioner is entitled to post-conviction relief.

## CONCLUSION

Based upon the foregoing and the record as a whole, we conclude that the trial court erred in denying habeas corpus relief. The Petitioner's sentences had expired when the trial court entered amended judgments, and the trial court, therefore, did not have jurisdiction to cure the illegal sentences. We remand this matter to the trial court with instructions to grant habeas corpus relief. In the event of further appellate review, we also conclude that a remand is necessary in this case for the trial court to consider whether due process requires tolling the one-year post-conviction statute of limitations and, if so, whether the Petitioner is entitled to post-conviction relief.

_____
CAMILLE R. MCMULLEN, JUDGE