IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 3, 2024

## CRAIG MARKEEM TAYLOR v. BRANDON WATWOOD, WARDEN

**Appeal from the Circuit Court for Lake County**
**No. 23-CR-10932   Mark L. Hayes, Judge**

————————————————————

**No. W2023-01169-CCA-R3-HC**

————————————————————

The Petitioner, Craig Markeem Taylor, appeals the dismissal of his petition for writ of habeas corpus, arguing that the habeas corpus court erred by summarily dismissing the petition without an evidentiary hearing or the appointment of counsel.  Based on our review, we affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN W. CAMPBELL, SR., J., delivered the opinion of the court, in which J. ROSS DYER AND MATTHEW J. WILSON, JJ., joined.

Craig Markeem Taylor, Tiptonville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; and Ronald L. Coleman, Senior Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

In December 2015, the Petitioner was convicted by a Madison County Criminal Court jury of first degree premeditated murder, two counts of first degree felony murder, attempted aggravated burglary, and two counts of attempted aggravated robbery.  After merging the felony murder convictions into the first degree premeditated murder conviction, the trial court sentenced the Petitioner to an effective term of life plus eight

years in the Tennessee Department of Correction. *State v. Taylor*, No. W2018-00242-CCA-R3-CD, 2019 WL 1435126, at *1 (Tenn. Crim. App. Mar. 29, 2019), *no perm. app. filed*.

The convictions stemmed from a November 15, 2012, incident in which the masked Petitioner attempted to force a woman at gunpoint inside her Jackson home and then exchanged gunfire with the woman's boyfriend inside the home, resulting in the boyfriend's death. *Id.* A witness identified the Petitioner as a man who was near the scene immediately prior to the shooting, and the Petitioner's palm print was found on the outside air conditioning unit of the home and his DNA on a mask discarded in the back yard. *Id.*

On July 17, 2023, the Petitioner filed a pro se petition for writ of habeas corpus in which he alleged that his judgments were void and illegal because they were imposed in contravention of Rule 31 of the Tennessee Rules of Criminal Procedure and Tennessee Code Annotated section 40-20-101, which provide, respectively, that the jury return its verdict in open court and that the trial court, after the verdict, "shall pronounce judgment." The Petitioner relies for his assertion on the fact that his trial transcript in his direct appeal ends after the last defense witness's testimony. Attached as "Exhibit D" to his petition is the fourth of four volumes of the trial transcript, which concludes after the witness's testimony with the court reporter's parenthetical information: "(End of requested portion of proceedings.)" The Petitioner argues that because the trial transcript does not reflect that the jury returned its verdicts in open court or that the trial court pronounced the judgments, and because the transcript prevails when there is a conflict between the judgments and the transcript, his judgments must be void.

On July 27, 2023, the habeas corpus court entered an order summarily dismissing the petition on the basis that it was not verified by affidavit as required by Tennessee Code Annotated section 29-21-107(a), and that it failed to state a cognizable claim for habeas corpus relief. This appeal followed.

## ANALYSIS

The Petitioner contends on appeal that the habeas corpus court erred by summarily dismissing his petition without the appointment of counsel or an evidentiary hearing. The State argues that the summary dismissal was proper because the Petitioner failed to comply with the strict procedural requirements for filing his petition and failed to state a colorable claim for habeas corpus relief. We agree with the State.

As an initial matter, the Petitioner failed to comply with the statutory procedural requirements for a petition for writ of habeas corpus. The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Hickman v. State*,

153 S.W.3d 16, 19-20 (Tenn. 2004); *Archer v. State*, 851 S.W.2d 157, 165 (Tenn. 1993). "A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements." *Hickman*, 153 S.W.3d at 21. Because the Petitioner failed to verify his petition by affidavit as required, the habeas corpus court's summary dismissal of the petition was proper on that basis alone.

Furthermore, the allegations the Petitioner raised in the petition do not establish a cognizable claim for habeas corpus relief. It is well established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007); *State v. Ritchie,* 20 S.W.3d 624, 629 (Tenn. 2000); *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007) (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Whether the petitioner is entitled to habeas corpus relief is a question of law, which we review de novo. *Id.* at 255; *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000).

A trial court may properly dismiss a petition for writ of habeas corpus without appointing counsel or holding a hearing if there is nothing on the face of the judgment to indicate that the conviction is void or the sentence illegal. *See Summers*, 212 S.W. 3d at 260. As the habeas corpus court noted, there is nothing on the face of the judgments that indicates that the judgments are void. The fact that the requested portion of the trial transcript did not include the return of the jury's verdicts does not render the judgments void or the sentences illegal. Accordingly, we conclude that the habeas corpus court also properly dismissed the petition for failure to state a cognizable claim for habeas corpus relief.

## CONCLUSION

Based on our review, we affirm the judgment of the habeas corpus court summarily dismissing the petition.

_____
JOHN W. CAMPBELL, SR., JUDGE

- 3 -